In the Matter of the Petition of FLORENCE MARZEN, as Administratrix, etc., of NICHOLAS MARZEN, Deceased, to Enforce Her Claim, Appellant, against THE TOWN OF HUNTINGTON, SUFFOLK COUNTY , NEW YORK, Respondent, and the HUNTINGTON FIRE DISTRICT OF SUFFOLK COUNTY, NEW YORK, Defendant, for the Sum of $3,000 Pursuant to the Provisions of Section 205 of the General Municipal Law.■— Order of the county judge of the county of Suffolk and the judgment entered thereon reversed upon the law and the facts and a new hearing ordered, costs to abide the event. We are of the opinion that the record is sufficient to show that Nicholas Marzen died from injuries incurred while in the performance of his duties. There is, however, no finding in the record to this effect. The ground upon which the county judge rendered his decision cannot be sustained. We are satisfied from the evidence that Marzen died from injuries incurred while working at the fire in question. Whether he was at the time working in the line of duty is a disputed question of fact. If he collapsed before the emergency fire signal was sounded in the Manor Company fire house, the claim presented by the administratrix should be dismissed. We think there is no merit in respondent's contention that the claim in the present case should be disallowed because not filed within sixty days from the death of Marzen. This limitation refers only to injuries specified in subdivision 3 of section 205 of the General Municipal Law.█ Findings of fact and conclusions of law inconsistent herewith are reversed. Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ., concur. Settle order on notice.

In the Matter of EDWARD RACINIEWSKI, Appellant, Charged with Being the Father of the Child of STELLA CZELATKA, Respondent, Born Out of Wedlock.—— Order of filiation of the Children's Court of Suffolk county reversed on the facts and a new trial ordered. It does not appear that the plaintiff is, or is likely to become, a public charge. We are also of opinion that the complaint, in the absence of objection, was before the judge of the Children's Court and may be regarded as having been adopted by him. The trial was upon the merits without objection, and lack of jurisdiction of the person of appellant must be deemed to have been waived. Kapper, Hagarty and Tompkins, JJ., concur; Lazansky, P. J., and Young, J., dissent from the direction for a new trial and vote to reverse and to dismiss the proceeding upon the ground that the court was without jurisdiction.

In the Matter of the Petition of FREDERIC L. WILSON for the Probate of the Last Will and Testament of MARY A. WATTS, Deceased. HARRY H. SMITH and Others, Appellants; FREDERIC L. WILSON and ELLA WHITLEY, Respondents.—— Decree of the Surrogate's Court of Nassau county unanimously affirmed, with costs, payable out of the estate, to each respondent appearing in this court. No opinion. Present — Lazansky, P. J., Carswell, Scudder, Tompkins and Davis, JJ.

HANS JACOBSEN, Respondent, v. THE BABCOCK & WILCOX COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Scudder, JJ.