In the Matter of the Petition of LOUIS H. WESTPHAL, for an Award against the Town of Brookhaven, New York, for Injuries Sustained While Performing Duties as a Volunteer Fireman.

County Court, Suffolk County, September 23, 1932.

*J. Harry Saxstein* [*Saxstein & Scheinberg*, attorneys] for the petitioner.

*Wallace E. J. Collins* [*Jenkins, Dimmick & Finnegan*, attorneys], for the respondent.

*Ralph J. Hawkins, Town Counsel*, for the Town of Brookhaven and *amicus curiæ*.

HAWKINS, J. This is an application for an order directing the town of Brookhaven, Suffolk county, to pay to the petitioner, a permanently disabled volunteer fireman, the sum of $700 for medical treatment and loss of earnings under paragraph 3 of section 205 of the General Municipal Law.

The first paragraph of that section provides for payment by a town of a fixed sum to the relatives or legal representatives of

a member of a volunteer fire company in that town who has died from injuries received in line of duty. The second paragraph provides for the payment of half of that sum to such member who has become permanently incapacitated for full fire duty by reason of disease or disability incurred in line of duty. The third paragraph, which was added by amendment to this section 205, provides for reimbursement to an injured volunteer fireman for his loss of earnings and his expenditure for medical attention to the limit of $700.

The town of Brookhaven has paid the petitioner the amount provided for in the second paragraph by reason of the permanent disability. It refuses to pay for the medical attention and loss of earnings as provided in the third paragraph. The town says that the third paragraph applies only in cases of temporary, and not permanent injury. It argues that the paragraph was evidently inserted by amendment to provide for cases of temporary disability, since the first paragraph had already made provision for a case of death and the second paragraph had already provided compensation in case of permanent disability. The question is novel.

I am inclined to believe, and hold, that paragraph, or subdivision 3, as added by chapter 617 of the Laws of of 1920, and thereafter amended, provides for reimbursement for medical attention and loss of earnings occasioned by injuries received by volunteer firemen in the duties in that subdivision mentioned, whether the injuries resulted in permanent disability or temporary.

This is a remedial statute enacted for the relief of volunteers in a meritorious service to their communities. The purpose of the whole section is in recognition of the benefit of such public service and in encouragement to the volunteers therein. It must, in every particular, be given a liberal construction.

It is not at all apparent that the third paragraph was added to take care of cases of temporary injuries only, just because no provision had been made for such cases hitherto. If it had been so intended, the Legislature could expressly have excluded from its operation cases of permanent disability. By its own language, this third paragraph applies to all injuries without exception. It probably is not applicable in event of death; it apparently is predicated upon the continuance of the life of the fireman. It mentions " reimbursement " to him directly, and provides for service of notice upon the appropriate official of the municipality in which is maintained the fire department of which " the claimant is a member." But it clearly provides for reimbursement to the claimant when he has suffered any injuries, without qualification, and is in addition to the compensation allowed him for a permanent disability as provided in the second paragraph.

There was indication on the hearing of an intention to question the applicability of this paragraph to the particular work that this petitioner was doing when injured, but that was not seriously disputed, nor is the point raised in respondent's brief.

An order will be made directing the payment.