In the Matter of CHRISTIAN A. KIBLER, a Volunteer Fireman, Petitioner, against THE TOWN OF ALDEN and Another, Respondents.

County Court, Erie County, June 15, 1934.

*Daetsch & Pfeiffer* [*George M. Nelson* of counsel], for the petitioner.

*Julius Volker*, for the town of Lancaster.

*Edmund F. Cooke*, for the town of Alden.

Rowe, J. This is a proceeding brought by petitioner under section 205 of the General Municipal Law. The proceeding was dismissed against the town of Lancaster and continued against the town of Alden as sole respondent. Petitioner was an active member of the Alden Volunteer Fire Company. On January 19, 1933, while answering a fire alarm he was injured. Immediately thereafter a communication was mailed by the secretary of the fire company to the town clerk of the town of Alden informing it of the fact that claimant had met with the accident and had been injured. The action on the part of the secretary was purely voluntary and was without the knowledge of claimant and not at his direction. Subsequently written notices of claim were served by claimant, but these were served more than sixty days after the injuries were received.

It appears both from the testimony of petitioner and respondent's medical witnesses that petitioner is permanently disabled to some extent. There is a dispute concerning the percentage of such disability.

The notice was insufficient to comply with subdivision 3 of section 205 of the General Municipal Law. The claim, therefore, cannot be allowed for medical treatment and loss of earnings.

In reference to the claim for permanent incapacity, a different situation exists. The provision in respect to permanent incapacity is found in subdivision 2 of the section. That subdivision contains no requirement of notice and none was, therefore, necessary in reference to that claim. (*Marzen* v. *Town of Huntington*, 234 App. Div. 869.)

In making an award I cannot consider the degree of the fireman's incapacity. The amount of the award is the same in all cases regardless of the circumstances. The statute provides for compensation of $1,500 to any volunteer fireman who shall become "permanently incapacitated from performing the full duties of a volunteer fireman." If the claimant cannot perform some of his duties as fireman, the statute provides that he must receive the full

compensation. The fireman who is so seriously injured that he can perform none of the duties of a fireman and perhaps none of the duties of his occupation receives no more than the fireman who is injured only to the extent that he cannot perform some of his duties as fireman. In both instances the fireman is, in the words of the statute, " permanently incapacitated from performing the full duties of a volunteer fireman."

Considering claimant's ability to perform the " full duties " of a fireman, the evidence shows that he is permanently incapacitated. This appears even from the testimony of the physician for the town. Considering claimant's general disability as distinguished from his ability to perform the " full duties " of a fireman, the evidence shows that he has become fifty per cent disabled.

If the statute permitted me I would find that the claimant, being fifty per cent disabled, is entitled to an award of $750. This I cannot do for the reason that the statute has fixed the sum of $1,500 as the amount to be awarded, regardless of the general disability of the claimant. I must follow the statute notwithstanding the fact that the result may appear unfair. If any relief from its provisions should be given in future cases, so that claimants will be compensated according to the degree of their disability, it will have to come from the Legislature.

I, therefore, find that the claimant is entitled to no award for medical treatment and loss of earnings, but is entitled to an award of $1,500 for permanent incapacity from performing the full duties of a volunteer fireman, as provided in section 205, subdivision 2, of the General Municipal Law.