In the Matter of the Claim of ANNA HOMMEL, as Executrix, etc., of OSCAR HOMMEL, Deceased, Petitioner, Appellant, against THE TOWN OF SAUGERTIES, ULSTER COUNTY, NEW YORK, Respondent, under Section 205 of the General Municipal Law of the State of New York.

Third Department, December 29, 1937.

*Seth T. Cole*, for the appellant.

*Ireland & Cohen* [*F. A. W. Ireland* of counsel], for the respondent.

HEFFERNAN, J.   Petitioner is the widow of Oscar Hommel and the executrix of his last will and testament.

There is no serious dispute as to the material facts in this proceeding.   Centerville Fire Co., Inc., No. 1 is a duly organized and existing fire company maintained by the Centerville fire district which is a duly organized fire district within the town of Saugerties, Ulster county, N. Y., and outside of an incorporated village.   This company was organized for the purpose of furnishing fire protection in the Centerville fire district.

Petitioner's husband became a member of this fire company on the 6th day of April, 1931, and continued as a member thereof in good standing until his death on February 11, 1935.   He was a resident of the Centerville fire district and the owner of three bungalows located therein, in one of which he resided on February 10, 1935.   On that day he and a companion, one Myer, had been on a fishing trip.   Following their return to decedent's home the latter proceeded to prepare the evening meal while his companion

took a nap. Myer was aroused from his slumber by the odor of smoke and discovered that the premises were on fire. Apparently the fire was caused while the decedent was preparing French fried potatoes. Myer and the deceased attempted to extinguish the flames but without success. Decedent then instructed Myer to go to the nearest telephone, about one-eighth of a mile away, and call the fire department. That telephone was located in the home of the chief of the Centerville fire department. Myer departed on his mission and at that time decedent was standing in the doorway uninjured. The fire department was summoned and the chief accompanied Myer to the scene of the fire. Upon their arrival they found Bowdish, a neighbor, assisting the deceased. The deceased was then in the doorway of his garage about fifty feet away from the house. He was naked to the waist and was suffering from third degree burns. It seems that while Myer was summoning the fire apparatus a cousin of the deceased observed the fire from a distance of 600 or 700 feet and immediately went to the premises. He testified that when he arrived the decedent was in the kitchen door enveloped in flames. The relative pulled him outside and removed his clothing. The dead man was wearing gloves and the testimony shows that they "were burned fairly to a crisp." Decedent was removed to the Kingston Hospital and died as a result of the injuries on the following day.

After her husband's death petitioner presented a claim against the town of Saugerties for the sum of $3,000, alleging that her husband's death occurred as a result of injuries sustained while he was in the performance of his duties as a member of the volunteer fire department. The town board rejected the claim and thereafter petitioner asked for a determination of the controversy by the county judge pursuant to the provisions of subdivisions 1, 4 and 5 of section 205 of the General Municipal Law as it existed at the time of decedent's death. These subdivisions provide:

Subdivision first provides as follows: "If an active member of a volunteer fire company in any city, incorporated village or in any fire district of a town outside of an incorporated village or in any part of a town protected by a volunteer fire company incorporated under the provisions of the Membership Corporations Law, or if an active member of any duly organized volunteer fire company, dies from injuries incurred while in the performance of his duties as such fireman or as a member of a fire department emergency relief squad within one year thereafter, the city, village, or town shall pay as follows:

" a. If such volunteer fireman is a member of a volunteer fire company located in any city in which a pension fund is maintained, the relatives of such volunteer fireman shall be entitled to a pension in the same manner and at the same rates as if he were a member of the paid fire department of such city.

" b. If in any other place the sum of three thousand dollars shall be paid to the executor or administrator of such deceased volunteer fireman. In addition there shall be paid to the widow of such volunteer fireman the sum of twenty-five dollars a month for each surviving child of such deceased fireman under the age of eighteen years, but not more than a total of fifty dollars a month for all such children, so long as such widow does not again marry."

Subdivision fourth, so far as applicable, provides: " If such fireman was a member of a fire company in a fire district outside of a city or an incorporated village, such sum shall be a town charge, audited and paid in the same manner as town charges, and shall be assessed upon the property and persons in such fire districts liable to taxation, and levied and collected in the same manner as town charges."

Subdivision fifth, so far as applicable, provides: " Any controversy arising at any time under the provisions of this section shall be determined by the county judge of the county in which the volunteer fire company is located and of which such volunteer fireman is a member. For that purpose, any party may present a petition to such county judge, setting forth the facts and rights which are claimed. A copy of such petition and notice of the time and place when the same will be presented shall be served on all persons interested therein, at least eight days prior to such presentation."

The county judge dismissed the claim and the widow has appealed. The only question which we are called upon to determine is whether or not decedent was engaged in the performance of his duties as a volunteer fireman at the time he sustained fatal injuries.

In its answer the respondent " admits that on or about February 10, 1935, at about seven o'clock in the evening of that day, the decedent, Oscar Hommel, in attempting to extinguish a fire in a dwelling house owned by said decedent situate within said Centerville Fire District incurred injuries from which he died on the 11th day of February, 1935." In commenting on this admission the county judge in his opinion said: " The concession made by defendant to the effect that the injuries which resulted in the death of the deceased were sustained by him while he was attempting to extinguish the fire, while not justified by the evidence, eliminates any possible issue upon that point, and therefore it must be assumed

that the injuries were so sustained." The county judge also found that at the time decedent sustained the injuries which resulted in his death no alarm of fire had been sounded or given and that the members of the fire company had not been notified or summoned to extinguish the fire. This finding cannot be sustained. Decedent had instructed Myer to summon the fire department. That direction constituted a fire alarm. In fact the fire itself was its own best alarm. To constitute a fire alarm it is not necessary to ring a bell or blow a whistle. Petitioner has also excepted to the refusal of the county judge to find that her husband died from burns sustained while attempting to extinguish the fire. That exception is well taken because the answer admits that to be a fact. Petitioner has also excepted to the refusal of the county judge to find that her husband was on duty as a volunteer fireman and a member of the Centerville Fire Co., Inc., No. 1 at the time he was injured. We are likewise convinced that this exception is well taken. The statute under consideration is remedial and it should be liberally construed in favor of those to be benefited. The chief of the fire department testified that a volunteer fireman is on duty twenty-four hours a day. Article VII of the by-laws of this fire department provides:

" Duties and Privileges of Members.

" Section 1. Active members. It shall be the duty of every person elected an active member of the company to notify the Secretary, upon notification of his election to membership, of his intention to serve; upon an alarm of fire he shall report to the scene of the fire and place himself subject to the officers in charge. It shall be his duty to attend all meetings and obey all Laws and Rules of the company. The member first at the hose house shall take command until the arrival of the Chief, Asst. Chief or Captain."

Clearly it was the duty of decedent to protect the real and personal property located in his district from loss or damage by fire. Surely it is not necessary that an official alarm of fire be sounded before a volunteer fireman is brought within the protection of the statute. If deceased were engaged in extinguishing a fire on the premises of a neighbor and was fatally injured no one would question the right of his dependents to recover. We fail to see any distinction between extinguishing a fire originating in his own home and an attempt to extinguish one originating elsewhere. Deceased had a duty to extinguish this fire. While engaged in the performance of that duty he lost his life. Respondent contends that he was in a different position because of the fact that it was his own house that was on fire and that he had only a selfish interest to serve and that he was not acting in his

capacity as a volunteer fireman. This argument is highly technical and is devoid of any merit. The statute makes no exception in the case of a fireman extinguishing a fire on his own premises. A fireman's right to compensation, or the rights of his dependents in the event of his death, are not destroyed merely because he was extinguishing a fire in his own house. We should not read into the statute a distinction which the Legislature has not made. It is not our function to make law, but to interpret the law as written. We should not be zealous to seek some hidden meaning in this statute in order to defeat the claim of a widow whose husband lost his life in the performance of his duty. We may assume that deceased was actuated by two motives, one being the performance of his duty as a volunteer fireman, and the other being a personal one to save his own property from destruction. That does not alter the fact that it was still his duty to extinguish the fire because of his membership in the department. His obligation as a fireman was the same whether the fire was in his own home or in the home of another. The fire in decedent's house presented a hazard to the entire community in that vicinity. It was a menace to all other property located in that neighborhood. Before he acted decedent certainly was not bound to wait for the arrival of the fire apparatus. It would have been folly for him to have done so.

In his opinion the county judge emphasizes the fact that decedent never evinced any particular interest in firemanic affairs. The widow was not called upon to prove that her husband was or was not interested in firemanic affairs. She was merely required to establish that he was an active member of the fire company at the time he sustained injuries. Whether or not he attended other fires was wholly immaterial. Proof that a volunteer fireman did not attend some other fires could not debar him from the statutory compensation when injured at a fire which he did attend.

The order appealed from should be reversed on the law and facts, with fifty dollars costs and disbursements, and petitioner's claim should be allowed, with interest.

The court reverses certain findings of fact and disapproves of certain conclusions of law in the decision and adopts new findings of fact and conclusions of law as indicated in our formal decision.

McNamee and Bliss, JJ., concur; Hill, P. J., dissents, with an opinion in which Crapser, J., concurs.

Hill, P. J. (dissenting). Appellant's testator died from burns received when his residence was destroyed by fire. A claim was presented to the town board under the provisions of section 205 of the

General Municipal Law, asking that $3,000 be paid to the claimant upon the ground that testator, an active member of a volunteer fire company, died " from injuries incurred while in the performance of his duties " as a fireman in connection with the fire which destroyed his residence. The claim was rejected by the town board and by the county judge of Ulster county. This appeal is taken.

The tragedy occurred following a fishing trip upon which testator was accompanied by a friend Myer. They returned to the residence owned and occupied by testator, who began the preparation of a meal. Myer slept or dozed on a couch in the adjoining room. He was aroused by a hostile fire, went to the kitchen, found testator bringing burlap bags to be used in an attempt to smother the fire caused by grease that had ignited after being spilled from a dish in which fried potatoes were being prepared. The two men were unable to smother or extinguish the fire. The testator requested Myer to go in his automobile to a residence about an eighth of a mile away to telephone a fire alarm. Upon returning Myer found the testator in the yard being cared for by his cousin and a neighbor and suffering from extensive and frightful burns. The cousin, the first person at the scene after Myer had left, says: " The first thing I spied, I saw him in the kitchen door under the flames and all afire. I pulled him outside and took his clothes off. He was burned from his waist up, and stripped the rest of him down. Then Mr. Bowdish came." Mr. Bowdish says that the testator said, after he had been assisted to the garage, " Save the dresser; save the dresser."

The appellant argues that the undisputed facts require a determination that testator died " from injuries incurred while in the performance of his duties " as a fireman. This would be true if his activity as a fireman and as a member of the fire company caused him to assume the hazard from which the injuries resulted and he would be in the course of his employment as a fireman although at the same time he was serving some purpose of his own. On the other hand, if the hazard did not arise because of his membership in the fire company, and if he would have been in the zone of danger although he was not a fireman, he was engaged in his own purposes and his representative may not recover under section 205 of the General Municipal Law. (*Matter of Marks* v. *Gray*, 251 N. Y. 90; *Carroll* v. *Verway Printing Co.*, 254 id. 598; *Fox* v. *City of Syracuse*, 231 App. Div. 273; affd., 258 N. Y. 550.) Testator was in his own home engaged in cooking a meal, work entirely disconnected from his firemanic activities. The fire was caused by his act and possibly his negligence. Personal loss to

him would follow the destruction of the house and contents. He did not act as a fireman when he sent his friend to summon the fire company but as a property owner whose house was in peril. He acted in the same capacity in continuing his efforts to extinguish the fire and to salvage some of the items. He received his fatal burns before the fire company arrived. He was in the burning house and there received his injuries while engaged in his own private purposes.

The order should be affirmed.

CRAPSER, J., concurs.

The order of the county judge is reversed on the law and facts, with fifty dollars costs and disbursements in this court and with costs in the court below to petitioner, and petitioner's claim is hereby allowed with interest, and judgment is directed in favor of petitioner and against respondent.

The court reverses findings of facts Nos. 6 and 7 made by the county judge. The court hereby disapproves of and reverses conclusions of law Nos. 1 and 2 contained in the decision of the county judge.

The court makes new findings of fact consisting of the requests to find contained in the proposed findings of fact submitted by petitioner to the county judge and therein numbered 9 and 10. This court finds as conclusions of law the proposed conclusions of law Nos. 1 and 2 contained in the proposed decision submitted by petitioner to the county judge.