LA VERNE BRADT, an Infant, etc., by GRACE BRADT, His Guardian ad Litem, Respondent, v. ANDREW A. BLASH, Appellant.— Order affirmed, with costs. All concur, except Crosby and Taylor, JJ., who dissent and vote for reversal and for reinstatement of the verdict. (The order sets aside the verdict of a jury in favor of defendant and grants a new trial, in an automobile negligence action.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

In the Matter of the Petition of EDWARD SAHR and MATILDA SAHR, as Administrators, etc., of NORMAN A. SAHR, Deceased, Appellants, for an Award against THE CITY OF NORTH TONAWANDA, Respondent, for the Death of the Said NORMAN A. SAHR, Sustained While Performing Duties as a Volunteer Fireman.— Order reversed on the law and the facts, with costs, and order granted awarding petitioners the sum of $3,000. Certain findings of fact and conclusion of law disapproved and reversed, and new finding of fact and conclusion of law made. Memorandum: We do not regard it as fatal to recovery that decedent caused the fire by his own negligence, or that no fire alarm had been turned in, or that decedent may have been actuated, in part, by the personal motive to save the life he had placed in peril. (Matter of Hommel v. Town of Saugerties, 253 App. Div. 84.) The duty to save a life threatened by fire is one of the important duties of a fireman, and a fire alarm was not needed to warn decedent of a fire of which he had actual notice. All concur, except Sears, P. J., and Taylor, J., who dissent and vote for affirmance. (The order dismisses the petition in a proceeding to recover award for death of volunteer fireman.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

ELIZABETH OWEN ZIMMERMAN, Respondent, v. CARL J. ZIMMERMAN, Appellant. — Order reversed upon the facts, without costs, and motion denied, without costs, upon the ground that plaintiff's affidavit, unsupported by other proofs, fails to show sufficient probability that plaintiff will succeed upon the trial in establishing that there was a common-law marriage between herself and defendant. Defendant's affidavit, supported by many affidavits of apparently disinterested persons, refutes plaintiff's claim in this respect. Under such circumstances, the award of counsel fees and temporary alimony should not have been granted. (Brush v. Brush, 240 App. Div. 866; DeVide v. DeVide, 186 id. 814; Rolnick v. Rolnick, 223 id. 772; Cassese v. Cassese, Id. 843; Werner v. Werner, 204 id. 791). All concur. (The order directs defendant to pay alimony and counsel fees.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

JOSEPH FINSTER, Respondent, v. BUFFALO GRAVEL CORPORATION and CARL TEDESCO, Appellants.— Judgment reversed on the facts and a new trial granted, with costs to the appellants to abide the event on the ground that the finding of the jury on both the question of negligence of the defendants and freedom from contributory negligence of the plaintiff was against the weight of the evidence. All concur. (The judgment is for plaintiff in an automobile negligence action.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.