In the Matter of the Claim of FLOSSIE BENNETT, Widow of HARVEY BENNETT, Deceased, Petitioner, against the VILLAGE OF WOLCOTT, WAYNE COUNTY, NEW YORK, Respondent.*

County Court, Wayne County, September 5, 1941.

* Affd., 263 App. Div.. 932.

*Carl L. Katz*, for the petitioner.

*Charles H. Herrick*, for the respondent.

HURLEY, J. On January 16, 1941, Harvey Bennett, an active member of the Wolcott Volunteer Fire Department, a duly organized and existing volunteer fire company, maintained and operated by the incorporated village of Wolcott, Wayne county, N. Y., was seated at the breakfast table with his wife, Flossie Bennett, in the kitchen of their home in the village of Wolcott, N. Y.

After finishing his breakfast and while his wife was still seated at the table, Harvey Bennett went to the stove in which a wood fire was burning and threw a cigarette therein. Noticing that the fire was low he put a stick of wood in the stove and took a can of kerosene and poured kerosene over the fire. This resulted in an explosion and a fire in the kitchen. Before the fire was extinguished said Harvey Bennett received second and third degree burns on about ninety per cent of his body, as a result of which he died the same day, leaving him surviving his wife, Flossie Bennett, a son, Lawrence Bennett, sixteen years of age, and a daughter, Jeanne Bennett, fourteen years of age.

As a result, this proceeding is brought by the widow, Flossie Bennett, to recover the sum of $3,000 for herself and an additional sum of $25 per month for each of the two infant children until they arrive at the age of eighteen years. It is admitted that the village of Wolcott does not maintain a paid fire department and does not maintain any pension fund for payment to members of its volunteer fire department and that the right of the petitioner herein to recover, if at all, is governed by paragraph b of subdivision first of section 205 of the General Municipal Law.

Although the answer of the respondent village raises the objection that proper notice of claim was not served upon the village, upon the trial it was conceded no notice was necessary and the petition was amended to strike therefrom the allegations as to service of the notice. I am convinced that this procedure is proper and that it was not necessary to serve notice of claim upon the village under subdivision third of section 205 of the General Municipal Law. (*Matter of Marzen*, 234 App. Div. 869.)

The respondent, the Village of Wolcott, contends, however, that in order for the petitioner to recover in this proceeding, the petitioner must show, by a fair preponderance of the credible evidence, that the decedent, Harvey Bennett, died from injuries

incurred while in the performance of his duties as such volunteer fireman, that petitioner has failed to show this by a fair preponderance of the evidence and that the petition should be dismissed.

The petitioner, on the other hand, claims that she has shown by a fair preponderance of the credible evidence, that said Harvey Bennett died as a result of injuries suffered while attempting to put out the fire in the kitchen of his home, that it was his duty as a volunteer fireman to attempt to extinguish the fire and that recovery should be had.

The facts as above stated are either admitted or appear from the evidence without contradiction. The sole issue then is whether or not the decedent died from injuries received by him as a result of his attempt to put out the fire in the kitchen of his home and whether at that time he was acting as a volunteer fireman within the meaning of the statute.

Obviously one of the duties of a volunteer fireman is to extinguish or attempt to extinguish a fire. The mere fact that the fire was in the home of the volunteer fireman, that the fire may have resulted from the negligence of the volunteer fireman, and that no alarm had been sounded, does not preclude recovery. (*Matter of Hommel* v. *Town of Saugerties*, 278 N. Y. 588; *Matter of Sahr* v. *City of North Tonawanda*, Id. 595.)

The respondent contends, however, that decedent did not die of injuries received while acting as a volunteer fireman or while attempting to put out the fire but that he died rather as a result of the explosion which ensued when he poured kerosene onto the fire; that the evidence indicates that his clothes and body caught fire as a result of the explosion and the catching fire of the can of kerosene which he held in his hand rather than from any efforts on his part to extinguish the fire. With this contention I cannot agree. The evidence indicates that immediately after the explosion and flare-up, the decedent backed away from the stove into the pantry door and said " Oh;" that he immediately grabbed some towels and started switching the fire; that he was aided by his wife who filled the wash dish with water several times and poured water over the flames. The testimony indicates that for some period of time husband and wife fought the fire together, and while the widow would not testify absolutely that there were no flames upon her husband's body during this period of time, she did testify positively that she saw none upon her husband immediately after the explosion or at any time while she was fighting the fire with him. There seems to be some question as to the exact length of time during which husband and wife fought the fire together. The testimony indicates that when the

wife stopped fighting the fire with her husband and went to get the children, that the husband was still fighting the fire and that at least part of the time he was fighting the fire from in back of the kitchen table. This would indicate that the decedent must have received his burns either while actually trying to put out the flames or while trying to escape from a dangerous situation in which he had placed himself as a result of his attempt to put out the flames. If his clothes and body had immediately caught fire from the explosion it does not seem probable that he would have attempted to fight the fire for any appreciable length of time or that he would have gone in back of the table to fight the fire, the table being located between the door going to the pantry and the stairway. Common sense would indicate that if his clothing or body had caught fire immediately upon the explosion, he would have taken some steps to get out doors or otherwise protect his person.

It is argued by the respondent that to allow a recovery in this case would be an unwarranted extension of the benefits intended to be conferred by section 205 of the General Municipal Law. It is further contended that at the time decedent poured the kerosene he was not acting as a volunteer fireman and that it was to his personal advantage to put out the fire in his own home. These considerations were set forth in the dissenting opinion in the Appellate Division in the case of *Matter of Hommel* v. *Town of Saugerties* (253 App. Div. 84) and it must be assumed that this argument was considered by the Court of Appeals when the majority opinion of the Appellate Division was affirmed. If recovery here would be an unwarranted extension of the benefits intended by section 205 of the General Municipal Law, the remedy is by action of the State Legislature, since the Court of Appeals has plainly indicated that under the statute as it now exists, recovery should be granted.

It is my opinion, therefore, that the decedent died as a result of injuries incurred while in the performance of his duty as a volunteer fireman of the village of Wolcott, N. Y., and that the petitioner is entitled to the compensation provided for by statute.

Let judgment be entered accordingly.