In the Matter of the Application of MARTIN E. MERCER, Respondent, for an Order against THOMAS H. DOWD and Others, Individually and as " Commissioners of Allegany State Park," Appellants.— Order reversed on the law and facts and proceeding dismissed, without costs of this appeal to any party. Memorandum: This is an appeal in a proceeding under article 78 of the Civil Practice Act from an order restoring petitioner to the position of executive secretary to the Commissioners of Allegany State Park. The petitioner, an honorably-discharged World War veteran, had been removed without a hearing as provided for in section 22 of the Civil Service Law. The State Civil Service Commission classified the position in question as being exempt under subdivision 2 of section 13 of the Civil Service Law. Its resolution, adopted June 24, 1924, and approved by the Governor August 6, 1924, reads as follows: " Resolved, That, subject to the approval of the Governor, and in accordance with subdivision 2 of section 13 of the Civil Service Law, the classification of positions in the exempt class, departmental service, be and hereby is amended by adding thereto: ' In the office of the Allegany State Park Commission: executive secretary.' " The decision to so classify the position is a matter for the Civil Service Commission rather than for the courts and, unless its discretion is unreasonably or arbitrarily exercised, cannot be disturbed. (Matter of Rooney v. Rice, 274 N. Y. 347.) The exceptions provided for in subdivision 2 of section 22 of the Civil Service Law embrace persons holding the position of secretary under subdivision 2 of section 13, and the petitioner cannot compel the respondents to reinstate him to that position. (Matter of Glassman v. Fries, 271 N. Y. 116.) We disapprove and reverse the finding of the lower court to the effect that the petitioner was a subordinate employee and we find that his position was that of a secretary within subdivision 2 of section 13 of the Civil Service Law. All concur, except Harris and Cunningham, JJ., who dissent and vote for affirmance. (The order directs defendants to reinstate petitioner to the position of executive secretary of Commissioners of Allegany State Park.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

In the Matter of the Claim of FLOSSIE BENNETT, Widow of HARVEY BENNETT, Deceased, Respondent, against the VILLAGE OF WOLCOTT, WAYNE COUNTY, NEW YORK, under Section 205 of the General Municipal Law of the State of New York, Appellant.— Judgment affirmed, with costs. All concur. (The judgment is for petitioner in a proceeding to recover the statutory award for the death of petitioner's husband, a volunteer fireman, alleged to have been caused by injuries incurred while in the performance of his duties.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ. [177 Misc. 768.]

STATE BANK OF RANDOLPH, Appellant, v. ORA M. McELWAINE, Respondent.— Judgment and order affirmed, with costs. All concur, except Crosby, P. J., not voting. (The judgment is for defendant in an action to set aside a transfer of realty in fraud of creditors. The order denies plaintiff's motion for a new trial.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.