In the Matter of Dorothy L. Biegel, Petitioner, against Village of North Hills, Respondent.

County Court, Nassau County, May 28, 1945.

*Daniel H. Prior* and *Seth T. Cole* for petitioner.

*William F. Martin* and *J. Oakey McKnight* for respondent.

Hill, Acting J. The petitioner in this proceeding seeks to recover from the respondent municipality the relief granted to a widow and children of deceased firemen pursuant to paragraph b of subdivision First of section 205 of the General Municipal Law:

" § 205. Payments to injured or representatives of deceased volunteer firemen:

" First. If an active member of a volunteer fire company in any city, incorporated village or in any fire district of a town outside of an incorporated village or in any part of a town protected by a volunteer fire company incorporated under the provisions of the membership corporations law, or if an active member of any duly organized volunteer fire company, dies from injuries incurred while in the performance of his duties as such fireman or as a member of a fire department emergency relief squad, a fire police squad or a fire patrol within one year thereafter, the city, village, or town shall pay as follows:
* * *

" b. If in any other place the sum of three thousand dollars shall be paid to the widow of such deceased volunteer fireman or to the executor or administrator of his estate if he is not survived by a widow. In addition there shall be paid to the

widow of such volunteer fireman for the benefit of such child or children the sum of twenty-five dollars a month for each surviving child, including a posthumous child, of such deceased fireman under the age of eighteen years, but not more than a total of fifty dollars a month for all such children, or if the decedent be not survived by a widow, or if she dies before the payments cease, then such payments for a child or children shall be made to their guardian or to relatives with whom they are living for their benefit.''

Thomas Herbert Biegel, twenty-six years of age, a volunteer fireman, was a member of the Manhasset-Lakeville Fire Department and, as such, attended fires and assisted in fighting same. While in the performance of his duties in his district as a volunteer fireman on the early morning of April 4, 1943, he received an injury to his foot or ankle which caused him pain and which made it difficult for him to walk, as a result of which he was sent home in a taxicab. Immediately thereafter his wife attended him and a local doctor was consulted who treated the injury. Shortly thereafter his leg became swollen and on April 9th, five days after the accident, he was sent to a hospital where he died on April 10th.

At the time of his death and for some years prior thereto, Biegel suffered from a severe chronic heart disease. He had been told by the doctor for the Fire Department that he should not drive a fire truck. It is undisputed that Biegel's life expectancy was short under the most favorable conditions.

The petitioner now claims that the injury received by her husband on April 4, 1943, was the cause or a contributing cause of his death. Section 205 of the General Municipal Law passed in 1906 (L. 1906, ch. 49) was for the benefit of volunteer firemen and their families injured or killed while performing their duty. Since the passage of the act, a number of amendments have been added increasing the benefits and making the section much broader, until in 1944 (L. 1944, ch. 179) the relief was extended to cover cases (§ 205, subd. Third) '' * * * while in the firehouse, while going to or returning from a fire by any means of travel * * * while officially engaged in testing or inspecting the apparatus * * * while attending a fire school * * * or while engaged in public emergency work not related to fire extinguishment * * *.'' It is clear that the Legislature intended that the statute be liberally construed. The courts have consistently so held. (*Matter of Hammond* v. *City of Fulton*, 176 App. Div. 343; *Matter of Smith* v. *Incorporated Village of Sea Cliff*, 146 Misc. 685; *Matter of Sahr* v.

*City of Tonawanda,* 254 App. Div. 645; *Bennett* v. *Village of Wolcott,* 177 Misc. 768, affd. 263 App. Div. 932.)

Volunteer firemen are paid nothing for their services. They render valuable and meritorious service to their community. Their services result in a saving to property owners through a reduction in fire insurance rates. Biegel probably should have discontinued his activities as a volunteer fireman. He should have stayed home and rested instead of going out in the early hours of the morning. But this is not a case of negligence or assuming a risk. Section 205 of the General Municipal Law gives direct statutory relief to the widow and children of deceased firemen. Where there is a direct, causal connection between the injury and death, even in cases where the decedent was suffering from a serious disease, which injury accelerated or aggravated the condition, the widow and children can recover.

This case has been very carefully prepared and ably presented. The medical testimony was of the best. The petitioner undertook to prove that the injury was the immediate cause of Biegel's death. The respondent undertook to show that Biegel would have died in any event and that the injury had nothing whatever to do with his death. Biegel had a right to live. His time may have been short but if while attending a fire as a volunteer fireman he received an injury which hastened or accelerated his death, then his widow and children are entitled to recover. There is testimony that the injury may not have been visible, but this would not be fatal to recovery. The word " injuries " in section 205 is defined in Webster's Dictionary as " Damage or hurt done to or suffered   *   *   *; detriment to, or violation of, person, character, feelings, rights, property, or interests, or the value of a thing."

A volunteer fireman who drops dead at a fire from heart trouble or whose heart is so overworked while at a fire that he dies as a result, can recover. (See *Matter of Marzen* v. *Town of Huntington,* 234 App. Div. 869; also, *Matter of Schiller* v. *Town of Islip,* County Ct., Suffolk Co., Nov. 20, 1944, HILL, J., an unreported case where a fireman attending a fire drill, returned home and dropped dead from an overworked heart.)

The evidence thoroughly indicates that the decedent, although previous to his death he was suffering from a heart affliction, died as a result of the injury which he received at the fire. It, therefore, follows that the petitioner is entitled to the benefits under section 205 of the General Municipal Law. Submit findings accordingly.