In the Matter of EARL TYLER, Petitioner, against LEONARD T. GADWOOD, as Commissioner of Public Safety of the City of Oswego, et al., Respondents.

Supreme Court, Special Term, Oswego County, April 20, 1949.

*McCaffrey & Zaia* for petitioner.

*Kirke M. White, City Attorney,* for respondents.

MALPASS, J. This is an application under article 78 of the Civil Practice Act for an order directing the respondents as

officers of the city of Oswego to pay to the petitioner his salary as a disabled fireman to which the petitioner claims to be entitled under section 207-a of the General Municipal Law.

The petitioner was appointed as a member of the fire department of the city of Oswego on April 19, 1943. It is the claim of the respondents and is not denied that the petitioner was a temporary or substitute appointee and was a substitute for one Benjamin Davis, a regular fireman, who had been inducted into active military service.

The petitioner claims that on October 8, 1945, he received certain injuries to his spine at what was described as the " Sharra Fire " and that he did not recover from these injuries which he reported to the chief of the department on October 14, 1945. He claims that he has never fully recovered from these injuries and that although he continued as a member of the fire department he suffered additional injuries while in the performance of his duties on December 26, 1945, April 2, 1946, and April 11, 1947. On October 21, 1947, the petitioner made an application for the benefits provided by section 207-a of the General Municipal Law, which application was supported by an affidavit setting forth the details of the injuries received by the petitioner. It appears that on that day the petitioner, according to an opinion rendered by the city attorney to the commissioner of public safety, was examined by Dr. Harold J. La Tulip at the request of the commissioner of public safety and that the physician reported that the petitioner was incapable of performing the duties of fireman. Thereafter on November 12, 1947, Edwin T. Owens, the then commissioner of public safety of the city of Oswego, made an order granting the application of the petitioner as follows:

"On the application of Earl Tyler, the report of this department's physician, the report of Fire Chief Lass and the records of this department, it is determined that Earl Tyler was injured in the performance of his duty and has been taken sick as a result of the performance of his duty and is unable to perform the duties of a fireman by reason of said disability.

" The said Earl Tyler is, under Section 207-a of the General Municipal Law, retired during his said disability and during said time shall, in pursuance of said Section, receive his full pay. This order is effective this day.

11/12/47                         EDWIN T. OWENS
                              Commissioner of Public Safety "

It appears that the petitioner was paid his full salary until June 11, 1948, when he was notified by the then commissioner of

public safety that his connection with the fire department would cease and that no further payments would be made to petitioner. The letter of notification was as follows:

" THE CITY OF OSWEGO
Oswego, New York
Department of Public Safety
Bureaus of Fire, Police and Traffic
June 11, 1948

LEONARD T. GADWOOD,
Commissioner.
Mr EARL TYLER
181 Duer Street
Oswego, New York
Dear Sir:

You are hereby served notice that effective Saturday June 12, 1948 you will cease to be a member of the Oswego Fire Department.

Therefore your name will not appear on any payroll after that date.

Signed LEONARD T. GADWOOD
Commissioner of Public
Safety
LTG:H                                              City of Oswego, New York "

The petitioner was paid his salary to June 15, 1948. Since that date the respondents have refused to make any further payments although demand has been made by the petitioner.

Section 207-a of the General Municipal Law insofar as it applies to this case is as follows: " Any fireman in a city of less than one million population, or town or village having a paid fire department, who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties so as to necessitate medical or other lawful remedial treatment, shall be paid by the municipality in which he is employed the full amount of his regular salary or wages until his disability arising therefrom has ceased, and, in addition, such municipality shall be liable for all medical treatment and hospital care furnished during such disability. Provided, however, and notwithstanding the foregoing provisions of this section, the municipal health authorities or any physician appointed for the purpose, may attend any such injured or sick fireman, from time to time, for the purpose of providing medical, surgical or other treatment, or for making inspections, and the municipality shall not be liable for salary or wages payable to such a fireman, or for the

cost of medical or hospital care of treatment furnished, after such date as the health authorities or such physician shall certify that such injured or sick fireman has recovered and is physically able to perform his regular duties in the department. Any injured or sick fireman who shall refuse to accept such medical treatment or shall refuse to permit medical inspections as herein authorized, shall be deemed to have waived his rights under this section in respect to medical expenses incurred or salary or wages payable after such refusal.''

The contention of the respondents that a temporary or substitute fireman is not entitled to the benefits provided by this section is untenable. The statute makes no exception in the case of a temporary or substitute fireman. In *Matter of Hommel* v. *Town of Saugerties* (253 App. Div. 84, affd. without opinion 278 N. Y. 588) the court in construing a similar statute said, at page 89, '' The statute makes no exception in the case of a fireman extinguishing a fire on his own premises. A fireman's right to compensation, or the rights of his dependents in the event of his death, are not destroyed merely because he was extinguishing a fire in his own house. We should not read into the statute a distinction which the legislature has not made. It is not our function to make law, but to interpret the law as written.'' To the same effect is the holding in *Matter of Sahr* v. *City of North Tonawanda* (254 App. Div. 645, affd. 278 N. Y. 595).

Section 34-b of the New York State War Emergency Act, added by chapter 47 of the Laws of 1943, which became effective March 4, 1943, provided in paragraph c of subdivision 3 that a temporary fireman was '' Entitled to receive the same allowances as are made to regular members of the uniformed forces of the police or fire departments for injuries or for death sustained while actually engaged in the performance of duty.'' It follows that the petitioner, as a substitute or temporary fireman, was entitled to the benefits provided in section 207-a of the General Municipal Law to the same extent as though he had been a regular member of that department.

The respondents urge that the benefits provided in section 207-a of the General Municipal Law are available to a fireman only when he is a member of the fire department and that when he ceases to be employed by the municipality there is no authority to continue the payment of the benefits provided by the statute and they assert that the petitioner's appointment as a temporary or substitute fireman was subject to termination at any time and that his dismissal by the commissioner of public

safety on June 12, 1948, terminated his employment. This argument is based upon the respondents' construction of the statute which says that an injured fireman " shall be paid by the municipality in which he is employed". The respondents contend that these words apply to the time of payment and that payment cannot be continued after the termination of the employment even though petitioner's injuries were suffered during his employment and in the performance of his duties. This would seem to be a narrow and unfair construction of the statute which would give the officer having authority to discharge the fireman, the power to nullify the statute simply by termination of the employment and would be directly opposed to the intent of the Legislature. The words, " in which he is employed ", relate to the time when the injuries were received. The petitioner was found to have been injured while in the performance of his duties as a fireman at a time when he was employed by the City of Oswego and his subsequent dismissal by the commissioner of public safety does not affect his rights to claim the benefits provided by section 207-a of the General Municipal Law.

The respondents claim that the petitioner should have applied for disability retirement under the New York State Employees' Retirement System and that his remedy is limited to such disability retirement. It appears that the petitioner was not a member of the State retirement system. Section 34-b of the New York War Emergency Act above referred to, provides in paragraph d of subdivision 3 that a temporary patrolman or fireman is " Ineligible * * * *for membership in or to share in the police or fire department pension fund or any other public pension or retirement fund or system whatsoever."* This section became effective March 4, 1943. Petitioner was appointed a temporary or substitute fireman April 19, 1943. It is apparent, therefore, that, under the foregoing statute, the petitioner was ineligible to become a member of the State retirement system and could not have placed himself in a position to become entitled to any retirement under the laws applicable to that system. Section 207-a of the General Municipal Law provides that a fireman in a city such as the city of Oswego, is entitled to be paid his regular salary or wages *until his disability arising therefrom has ceased.* The statute further provides that the municipal health authorities or any physician appointed for the purpose, may attend such injured or sick fireman for the purpose of providing medical, surgical or other treatment or for making inspections and the municipality shall not be liable for wages payable to such a fireman or for hospital, medical care or

treatment furnished after such date as the health authorities or such physician shall certify that such injured or sick fireman has recovered and is physically able to perform his regular duties in the department. It also provides that any injured or sick fireman who shall refuse to accept such medical treatment or shall refuse to permit such medical inspection shall be deemed to have waived his rights under this section in respect to medical expenses incurred or salary or wages payable after such refusal. It does not appear that the petitioner has been examined by any municipal health authority, or any physician except the physician who originally certified that the petitioner was disabled nor does it appear that the petitioner has refused to permit a medical examination or has refused to accept any medical treatment offered by the city. There is, therefore, no evidence that the petitioner has waived his rights to the benefits provided in the statute.

Section 207-a of the General Municipal Law clearly was enacted for the purpose of benefiting firemen, employed by the municipalities included in the section, who were disabled as the result of injuries sustained by them in the performance of their duties. The section is a remedial statute and as such should be liberally construed in favor of those to be benefited. (*Matter of Hommel* v. *Town of Saugerties*, 253 App. Div. 84, 88, *supra; Matter of Biegel* v. *Village of North Hills*, 185 Misc. 131, 132; *Matter of Smith* v. *Incorporated Village of Sea Cliff*, 146 Misc. 685, 693.) The statute expressly provides that " Any fireman * * * who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties * * * shall be paid by the municipality in which he is employed the full amount of his regular salary or wages until his disability arising therefrom has ceased." This section was in effect at the time of petitioner's appointment as a fireman and the provisions of the statute became a part of the contract of his employment. (*Matter of Hammond* v. *City of Fulton* 220 N. Y. 337, 342.)

An order may be entered herein directing the respondents to pay to the petitioner the amount of his salary from the 15th of June, 1948, with costs to the petitioner in the amount of $50.