In the Matter of CATHERINE LATTRELL, Petitioner, against VILLAGE OF KEESEVILLE et al., Respondents.

County Court, Essex County, November 9, 1954.

*Daniel T. Manning* for petitioner.

*Robert Booth* for respondents.

WICKES, J. Petitioner brings this proceeding under section 205 of the General Municipal Law to recover for the death of her husband, a member of the Keeseville volunteer fire company or department, a volunteer fire company of the Village of Keeseville, Essex County, New York, who died on August 25, 1953, as a result of burns received in a fire in his own home on the previous day.

The respondent, Travelers Insurance Company, opposes the application on two grounds, viz., 1. Decedent was not an active member of the Keeseville volunteer fire company; 2. Decedent was acting on his own business when he received his fatal injuries and not as a member of the fire department.

The first contention is without merit. The uncontradicted evidence shows that decedent was not only an active member of the Keeseville volunteer fire department but was its chief. Accordingly, I find that the decedent was an active member of the Keeseville volunteer fire company.

The second contention of the insurance carrier presents a sharp question of fact and is therefore much more difficult of determination.

At about 5:30 A.M. on the morning of August 24, 1953, the decedent went down into the cellar of his home to light a gas hot water heater. An explosion occurred and a fire resulted therefrom. The fire as described by the witnesses was what is commonly called "a flash fire". The fire ignited and burned the cellar stairway, the first floor hall and the living room. There is no eye witness who saw the explosion and the inception of the fire. It is obvious from the evidence that the fire starting from the explosion in the basement, almost instantly spread to the cellar stairs, thence to the hall at the head of the cellar stairs and then to the living room.

The decedent's widow was in bed in a bedroom adjacent to the living room. She heard the explosion. The bed broke and she fell to the floor, got up, ran through the living room and upstairs where the children were. There were flames in the living room, hall and stairs at this time. Immediately thereafter decedent came up the cellar stairs, through a portion of the hall, both of which were ablaze, and upstairs to a second floor bedroom where his wife and children were. His wife noticed that the rear of his shorts were on fire and put out the flame with her hands. The decedent then carried one of his eight children down a ladder from the bedroom window to the ground. He was unable to go back and was taken to the hospital where he died the following day.

Death resulted from second and third degree burns covering *seventy* per cent of decedent's body.

Petitioner-claimant contends that decedent's injuries (burns) were suffered while attempting to get to his children to carry them from the burning home. Respondent insurance carrier contends that the burns were caused by the explosion or by the immediately ensuing flames in the cellar before decedent commenced his duties as a fireman — the rescuing of his children.

The only evidence on the question of the exact time when decedent received the fatal burns is found in the testimony that the cellar stairs and hall were ablaze before decedent came upstairs and that the hall and cellar stairway were burned and charred; the decedent's statement to his daughter while in the hospital that he had " an awful hard time getting through the flames upstairs "; the testimony that the rear of decedent's shorts were on fire when he arrived on the second floor; and the testimony that the decedent's back and shoulders (the rear of his body) were severely burned.

We think that the most reasonable inference to be drawn from this meagre testimony is that decedent received the burns from which he died as he was ascending the cellar stairs through the flames while on his way to rescue human lives endangered by the fire.

The first duty of a volunteer fireman is to save human lives.

Section 205 of the General Municipal Law is remedial and should be liberally construed. (*Matter of Hommel* v. *Town of Saugerties,* 253 App. Div. 84.)

The fact that the fire was in decedent's own residence does not preclude a recovery. (*Matter of Bennett* v. *Village of Wolcott,* 177 Misc. 768, affd. 263 App. Div. 932.)

Accordingly, I find that decedent died from injuries incurred while in the performance of his duties as an active member of the Keeseville volunteer fire company of the Village of Keeseville.

I further find that petitioner is entitled to receive the compensation provided for in section 205 of the General Municipal Law.

Submit judgment.