Lawrence H. Cooke, J.
This is an application by a volunteer fireman for benefits under section 205 of the General Municipal Law.
The essential facts are not in dispute, it appearing without question that petitioner was at the time in question an active member of the Yulan Fire Department, a volunteer fire company incorporated under the Membership Corporations Law and located in the town of Highland outside of a city, village or fire district, and that, while working at a fire as a fire policeman on September 22, 1955 and performing his duties as such a volunteer fireman, the artificial leg of petitioner was broken so as to require replacement and that petitioner has expended $350 because of same.
Subdivision ‘1 Third ’ ’ of said section 205, as in effect on the date in question, provided in part as follows: ‘ ‘ Third. Any such volunteer fireman who shall receive injuries while performing his duties as such, while in the fire house, while going to or returning from a fire by any means of travel, transportation, or conveyance whatever, or while working at the fire or answering a call or fire alarm or while officially engaged in testing or inspecting the apparatus, or equipment, or while engaged as a member of a fire department, or fire company, emergency relief squad or fire police squad, or fire patrol or while attending a fire school, or while instructing or being instructed in fire duties or while attending any drill or parade or inspection in which his company or department is engaged, or while engaged in public emergency work not related to fire extinguishment or prevention or going to or returning therefrom when duly authorized to participate therein, so as to necessitate medical or other lawful remedial treatment or prevent him from following his usual vocation on account thereof, shall be reimbursed for such sums as are actually and necessarily paid for medical or other lawful remedial treatment, not exceeding five hundred dollars. He shall also be compensated for the time he was actually and necessarily prevented from following his vocation or for the time of his disability on account of such injuries, at the rate of thirty-six dollars per week not to exceed one thousand eight hundred dollars.”
It has been held consistently that the statute under consideration is remedial and should be construed liberally in favor of those to be benefited (Matter of Hommel v. Town of Saugerties, 253 App. Div. 84, affd. 278 N. Y. 588; Matter of Lattrell v. *615 Village of Keeseville, 206 Misc. 766, affd. 286 App. Div. 937; Matter of Tyler v. Gadwood, 195 Misc. 674; Matter of Biegel v. Village of North Hills, 185 Misc. 131; Matter of Smith v. Incorporated Village of Sea Cliff, 146 Misc. 685; Matter of Westphal v. Town of Brookhaven, 144 Misc. 729; Matter of Wieszczecinski v. Village of Sloan, 258 App. Div. 858).
The Appellate Division held in Employers’ Liability Assur. Corp. v. Daley (271 App. Div. 662, 666) a decision affirmed by the Court of Appeals (297 N. Y. 745): “The history of section 205 of article 10 of the General Municipal Law, apparently originating in chapter 615 of the Laws of 1895, warrants the conclusion that the benefits provided by section 205 were intended to be a recognition of the moral obligation owed by the community to these volunteers, and so, in a sense, part compensation for the work which they had done gratuitously.”
In Matter of Smith v. Incorporated Village of Sea Cliff (supra, pp. 692-693) it was held: “ Indeed the situation as between a volunteer fireman and the municipality which he serves calls even more strongly perhaps for compensation in case of disability or death than it does as between a paid employee and his employer in ordinary employment. As is well known, these volunteer firemen are not engaged in fire service as a vocation. They have no fixed or other compensation. They are usually paid nothing for their services and if paid at all it is a mere pittance. They render a meritorious service to the community. The fact that they render such service with proper equipment, results in lessening the burden of the property owners through reduction in fire insurance rates. In rendering such service they risk danger to life and limb. Apart, however, from the hazardous side of the service, it is well known that the ordinary duties of a volunteer fireman subject him to a much greater degree of strain, exertion and excitement than that to which he is usually subjected in the ordinary course of his private vocation.”
In Matter of Westphal v. Town of Brookhaven (supra, p. 730) it was stated: ‘' The purpose of the whole section is in recognition of the benefit of such public service and in encouragement to the volunteers therein. It must, in every particular, be given a liberal construction.”
In brief, the question presented is as to whether or not the said damage to the artificial limb of petitioner was one of the “ injuries ” contemplated by subdivision “ Third ” of section 205 of the General Municipal Law. A key is provided by one of the paragraphs of said section which reads: “ The words £ injury ’ and 1 injuries ’, as used in this section, include any *616 disablement of a volunteer fireman as the direct result of the performance of his duties.” The word “any” is significant. The word “disablement” is important and is defined in Webster’s New International Dictionary [2d ed.], as: “ Act of disabling, or state of being disabled; deprivation of ability; incapacity. ’ ’ Certainly, with no stretch of the imagination and with no strained interpretation, it is readily seen that the breaking of the substitute limb here incapacitated petitioner; it deprived him of the ability to continue as a volunteer fireman; it disabled him until medical or other lawful remedial treatment was provided. The use of the word ‘ ‘ remedial ’ ’ indicates that the Legislature had something in mind other than strictly “ medical ” treatment.
It is obvious that the artificial leg was not a part of the personal body of petitioner but it was so intimately and necessarily connected with petitioner that without it he could not have performed his duties as a volunteer fireman. Certainly, it was a substitute for a part of his body or an extension thereof.
The attention of the court has been called to opinions of the State Comptroller (2 Op. St. Comp., 1946, p. 187) wherein an inquiry as to whether there was authority under said section 205 to reimburse a volunteer fireman for damages to his clothing incurred while answering a call for assistance was answered in the negative. This court does not differ with such a conclusion because, among other things, loss or damage to clothing does not constitute a disablement. The breaking of the artificial limb of petitioner here did create a disablement.
The possible contention that petitioner should not have been accepted as a volunteer fireman is immaterial. The fact is that he was such and there is no provision of the law that prohibited his membership because of his limb condition. It is obvious that his services were accepted and the fruits thereof received.
Furthermore, it is reasonable to assume, in considering this claim, that the Legislature intended section 205 to include claims such as this because, besides the reasons already stated and as the cited authorities indicate, volunteer firemen receive no monetary compensation and render such very meritorious and essential services to the communities they serve, despite great personal sacrifices and risks. It is hard to believe that it was intended that a volunteer fireman should suffer such a loss as this personally.
The mere fact that, previously, petitioner’s claim was denied in a proceeding before the Workmen’s Compensation Board does not preclude recovery here. As stated in Matter of Weiss *617 v. Franklin Square & Munson Fire Dist. (309 N. Y. 52, 55) : “ Thus an adjudication against a volunteer fireman in a compensation proceeding does not include an adjudication that all factors are present which would constitute a valid claim for benefits under the General Municipal Law.”
The claim here is made against the Yulan Fire Department and the Town of Highland. There is no basis for a claim against the former and, as to said department, the claim is dismissed. Said section 205 also provides: “If such fireman was * * * a member of a fire company incorporated under, the membership corporations law, located outside of a city, village or fire district, any such benefit shall be a town charge ”. The claim of petitioner is allowed as against the township involved to the extent of $350 so as to reimburse him for the amount paid for his said medical or other lawful remedial treatment, there being no proof or claim of any time that petitioner was prevented from following his vocation or of any time of disability.
Submit order on two days’ notice.