In the Matter of EDWIN L. ROBINSON, Petitioner, against F. V. COLE, as Mayor of the City of Corning, et al., Respondents.

Supreme Court, Special Term, Steuben County, December 6, 1948.

*Welch and Welch* for petitioner.

*Joseph J. Nasser, City Attorney,* for respondents.

VAN DUSER, J.   Edwin L. Robinson on July 27, 1943, and for some time prior thereto, was employed as a fireman by the City of Corning, New York, which is a " City of less than one million population " and " having a paid fire department ".   On July 27, 1943, he was injured, while engaged in the performance of his duties.   He claims that such injuries have permanently incapacitated him, and that he was rendered physically unable to perform his regular duties in the department.   The permanence and continuance of his alleged disability has been denied, and is a disputed issue in this proceeding.

Some time thereafter, petitioner made application for compensation under provisions of the Workmen's Compensation Act of the State of New York. His claim was denied and rejected. Thereupon, apparently, he learned, or was advised, that he was eligible for accidental disability retirement under the provisions of section 65, now section 79, of the Civil Service Law. He applied for, and was retired on March 15, 1945, in accordance with the provisions of such law, and ever since that date has been receiving, and is now receiving, payments as therein provided, from the State retirement system.

Thereafter, and on or about the 11th day of March, 1948, the petitioner filed a notice of claim with the City of Corning, claiming that, under the provisions of section 207-a of the General Municipal Law of the State of New York, he was, and is, entitled to receive the full amount of his regular salary or wages as a city fireman, during the entire term of his disability, and to receive such in addition to the benefits and payments received by him from the State retirement system. It is his present claim that there is thereby due, and unpaid to him by the city, the sum of $6,294.10 with interest, and that he is entitled, in addition, to be paid in the future the full salary now being paid to firemen in the city of Corning.

Such claim, as filed, was thereafter and on the 7th day of June, 1948, disapproved and rejected, by the Common Council of the City of Corning, on the ground, among others, " that upon the facts of this matter and under the law there appears to be no obligation on the part of the City to so pay him and that no liability appears to exist on the part of the City of Corning, New York ".

Section 207-a of the General Municipal Law provides as follows: " Any fireman in a city of less than one million population, or town or village having a paid fire department, who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties so as to necessitate medical or other lawful remedial treatment, shall be paid by the municipality in which he is employed the full amount of his regular salary or wages until his disability arising therefrom has ceased, and, in addition, such municipality shall be liable for all medical treatment and hospital care furnished during such disability. Provided, however, and notwithstanding the foregoing provisions of this section, the municipal health authorities or any physician appointed for the purpose, may attend any such injured or sick fireman, from time to time, for the purpose of providing medical, surgical

or other treatment, or for making inspections, and the municipality shall not be liable for salary or wages payable to such a fireman, or for the cost of medical or hospital care or treatment furnished, after such date as the health authorities or such physician shall certify that such injured or sick fireman has recovered and is physically able to perform his regular duties in the department. Any injured or sick fireman who shall refuse to accept such medical treatment or shall refuse to permit medical inspections as herein authorized, shall be deemed to have waived his rights under this section in respect to medical expenses incurred or salary or wages payable after such refusal.''

By virtue of the section just quoted, the petitioner maintains that, regardless of his present status, he is entitled to receive the full amount of his regular salary or wages until his alleged permanent, *but disputed,* disability has ceased. Unquestionably had petitioner's status not changed between the time of his injury and the institution of the present proceeding, he would be entitled to receive the full amount of his regular salary or wages, unless, in accordance with the provisions of the section quoted, the municipal health authorities or any physician appointed for the purpose certified that the petitioner had recovered and was physically able to perform his regular duties in the department.

But the city contends that his status *has* changed, that he is not a present employee of the city, and has not been such since March 15, 1945, and that, therefore, he is not entitled to the benefits provided by section 207-a of the General Municipal Law.

On March 15, 1945, the petitioner unquestionably '' retired '' from the fire department. Since that date he has been receiving payments under his accidental disability retirement pension, such payments being made to him by the State retirement system, not by the city. He was not compelled to retire, so far as appears from anything submitted herein, but he elected to do so. He could have remained a city fireman, receiving the full amount of his regular salary or wages, as hereinbefore stated, but he elected not to do so. After failing in his efforts to secure compensation, he chose to retire. He thereby effectively severed his connection with the department, he has ceased to remain a resident of Corning, and has removed to the village of Hammondsport some several miles distant from Corning. His status changed on March 15, 1945. He has remained under that changed status from, and since March 15, 1945, to the present time.

He is no longer a " fireman ". He ceased to be such. He is no longer a city employee. From and since March 15, 1945, petitioner's name was removed from the city payroll, as the city was directed to do by the authorities having in charge the administration of the retirement system. They recognized that petitioner, having become entitled to a pension, automatically, and " ipso facto ", retired from city employment. Section 65, now section 79, of the Civil Service Law made such retirement action mandatory.

Manifestly, the purpose and aim of section 207-a is to provide for the protection and benefit of an employee, while he remains an employee; for the benefit of a fireman of a paid fire department, while he remains a member of that fire department. It does not contemplate payment when he ceases to be an employee of the city and a member of the department. Such *must* be the intent of the statute. To hold to the contrary would be to approve double payment, and double payment is frowned upon. The policy of the State is against such. (*Matter of Dalton* v. *City of Yonkers,* 262 App. Div. 321, 323–324.) As was there said, " This avoids double payment by the State or one of its municipalities for the same disablement."

We are not here concerned with the amount of the retirement allowance received as such by petitioner. The statute, Civil Service Law (§ 65, now § 79) provides the methods to be adopted by the proper department to determine that. We are here solely concerned with the proposition as to whether section 207-a of the General Municipal Law applies to the facts and conditions disclosed in this particular proceeding. For the reasons stated, we hold it does not and that the petitioner's claim was properly disapproved and rejected. The petition must be dismissed.

Submit order.