In the Matter of FRANK M. BIRMINGHAM, Petitioner, against ERNEST W. MIRRINGTON, JR., et al., as Members of the City Council of the City of Niagara Falls, et al., Respondents.

Supreme Court, Niagara County, December 31, 1953.

*A. Russell Leone* for petitioner.

*Clarence W. Greenwald, Corporation Counsel (Ralph A. Boniello* of counsel), for respondents.

SAMUEL J. HARRIS, Official Referee. This proceeding was referred to me, as an Official Referee, to hear and determine.

The petitioner herein seeks the determination of this court as to whether or not he is entitled to receive his full salary from the City of Niagara Falls, New York. He was appointed a fireman in the employ of the City of Niagara Falls, New York, on January 1, 1927, and while acting as a captain in the fire department, petitioner, on January 2, 1949, sustained accidental injuries in the course of such employment. At the time of the beginning of this proceeding and up to the present time the petitioner has been totally disabled on account of such accident, and at all times herein mentioned has been a resident of the city of Niagara Falls, New York, and that city is one of less than one million population.

As his condition worsened petitioner has become inactive in any duty in the fire department. He was kept on the payroll of such department until March 16, 1953, and he claims that by virtue of the provisions of section 207-a of the General Municipal Law he is entitled to the continuance of such full salary from March 16, 1953, until the termination of his disability.

Subsequent to his becoming disabled, as above described, and on or about September 4, 1952, the head of the bureau of fire of the City of Niagara Falls, New York, the chief engineer of said bureau, made application under the provisions of former section 65 of the Civil Service Law (now § 79), for accidental disability retirement of the petitioner. Such application was made without the consent of the petitioner. Following receipt of such application by the New York State Retirement System, the petitioner was asked by that system to execute certain medical waivers to be used by the New York State Employees' Retirement System in connection with the involuntary retire-

ment of the petitioner by the system. Such waiver in form was as follows:

To Whom It May Concern:

This is to certify that I, ——————————, residing at ———— Street, ——————————, ———— do hereby waive the confidential character (city, town or village)   (state) of any records concerning reports or other data relating to any physical examination or treatment and do hereby authorize you to give such information to the New York State Employees' Retirement System for the determination of my claim for disability retirement.

(Signed)

State of New York ⎱ ss
County of          ⎰

On the ———— day of ——————, 19——, before me personally came —————————————————— to me known and known to me to be the individual described in and who executed the same.

(Notary Public)

Not desiring to be retired in this manner or to act in any way of his own volition to aid in such retirement, petitioner refused to sign the waiver. His refusal, first, was to the State Comptroller, and later to the authorities of the City of Niagara Falls, New York. Subsequent to such refusal charges were preferred against him by the chief engineer of the fire bureau because of his refusal and a hearing was held and it was determined by the City Manager with whom such function rested, that he was guilty of a violation of· chapter XLIV-A of the Ordinances of the City of Niagara Falls, which details the duties of the chief engineer and as pertinent herein is quoted as follows: "He is required to enforce the rules and regulations established by the City Manager, and is hereby vested with authority to suspend any employee, officer or member of the Bureau who shall neglect to perform the duties assigned to him for refusing to comply with the rules and regulations of the Bureau or the requirements of the City Manager. Such suspension shall be promptly reported to the City Manager."

Found guilty of such violation, he was dismissed on that account from the bureau of fire. His employ with the city was deemed terminated and his name was removed from the payroll.

His refusal to sign the waiver described above was due to his fear that by so doing he would jeopardize his rights under section 207-a of the General Muncipal Law. (In this connection see *Matter of Birmingham* v. *Mirrington,* 204 Misc. 821; *Matter of Barber* v. *Lupton,* 282 App. Div. 1008; *Matter of*

*Robinson* v. *Cole,* 193 Misc. 717; *Matter of Tyler* v. *Gadwood,* 279 App. Div. 1138, and *Matter of Birmingham* v. *City of Niagara Falls* [*same petitioner as herein*], 282 App. Div. 970.)

Conceded herein is the fact that petitioner is totally disabled; that he refused to sign the waiver above quoted and that he never refused to sign any waiver or give any information which he was required to give under the provisions of section 207-a of the General Municipal Law.

There is no question as to the validity of the pertinent ordinance of the City of Niagara Falls, as above quoted. The sole question before me for decision is, as to whether or not such ordinance, reasonably construed, is a valid basis for the action of the City Manager in ordering the discharge of the petitioner and causing his name to be removed from the payroll of the city.

My construction of that portion of chapter XLIV-A of the Ordinances of the City of Niagara Falls, as herein quoted, is that any employee of the fire bureau, including the petitioner, could be subject to charges if he neglected or refused to perform the duties assigned to him in his capacity as an employee, or if he refused to comply with the rules of the department; such rules and regulations and orders had to be in connection with and of necessity had to do with the performance of the duties of the employee, in this case the petitioner, as a fireman. The purpose of the ordinance could not be enlarged to require such employee to carry out orders which had nothing to do with the work of his position.

In the proceeding at bar, the order given to the petitioner and his discharge because he refused to obey the order was, to sign a paper that had nothing to do with his work as a fireman or the duty that he owed to the city as a fireman.

The provisions of the former section 65 of the Civil Service Law (§ 79) gives the alternative methods in bringing about the retirement of an employee. The chief engineer chose to select the method that was provided to bring about the involuntary retirement of the fireman, and this being so, he had no right to call upon the fireman to co-operate with the State Retirement System.

I have reached the conclusion that the order of the chief engineer to the petitioner requiring him, the petitioner, to sign the waiver furnished by the State Retirement System is not such an order as is contemplated by the provisions of chapter XLIV-A of the Ordinances of the City of Niagara Falls and that, therefore, the refusal was not a proper cause for charges against or discharge of the petitioner. The petitioner should

be reinstated and placed on the payroll as of March 16, 1953, and be permitted to remain on such payroll until his physical disability due to injury sustained in such service ceases, or until his employment comes to an end. through valid process of law.

The foregoing is my decision herein and contains such findings of fact and conclusions of law as I deem necessary in disposing of this issue on the merits, and an order in accordance with the same may be entered on such decision.