Regis O’Brien, J.
This is a proceeding under article 78 of the Civil Practice Act. It was heard at Lockport, Niagara County, New York, on September 27, 1955.
The final brief for the respondents was received January 26th and the amended answer on February 8, 1956.
*969 The petitioner seeks an order directing the City of Niagara Falls to restore him to the benefits provided for a disabled fireman under section 207-a of the General Municipal Law, said benefits having been discontinued February 1, 1953.
Section 207-a provides, in part, that any paid fireman of a fire department of a city of less than one million population, who is injured in the performance of his duties so as to necessitate medical or other lawful remedial treatment, shall be paid by the municipality by which he is employed, “ the full amount of his regular salary or wages until his disability arising therefrom has ceased ”, and, in addition, “ such municipality * * * shall be liable for all medical treatment and hospital care furnished during such disability.”
The section further provides that the municipal health authorities, or any physician appointed for the purpose by the municipality, may attend the disabled fireman, from time to time, for the purpose of providing medical, surgical or other treatment, or for making inspections, and that the municipality shall not be liable for salary or wages payable to such a fireman, or the cost of medical or hospital care, or treatment furnished, after such date as the health authorities, or examining physician, as the case may be, shall certify that such disabled fireman has recovered and is physically able to perform his regular duties in the department.
It further provides that any disabled fireman who shall refuse to accept such medical treatment, or shall refuse to permit such medical examinations as are authorized by the statute, shall be deemed to have waived his rights under the section in respect to medical expenses incurred, or salary payable, after the date of any such refusal.
The applicant’s demand to be restored to the benefits of said section is based upon his petition, dated and verified March 12, 1953, setting forth the necessary and pertinent facts, among which are: that he was appointed as a paid fireman by the city on or about January 3,1918; that on July 19,1932, he was made a master mechanic of the department; that he held said job and performed its duties until on or about July 13, 1942, when he was permanently disabled; that thereafter the petitioner received an award from the compensation board for said disability, and that the city paid to him, in addition to said compensation award, the benefits provided for by section 207-a in an amount sufficient to make up his regular salary of $2,400 a year until about February 1, 1953. The foregoing facts are undisputed. , .
*970 The main issue in this proceeding is created by the disputed allegation No. 9 of the petition, which alleges: “ That on or about the 1st day of November, 1945 sic (August, 1945) the respondents or their predecessors in office, or other servants, agents or employees of the City of Niagara Falls, New York, wrongfully induced and demanded that petitioner make application to the New York State Employees Retirement System for accidental disability retirement pursuant to the Civil Service Law, and that the City of Niagara Falls, New York, its servants, agents or employees, promised and represented to petitioner that he would continue to receive the sum of two thousand four hundred ($2,400) dollars per year less compensation payment or payments from the State Retirement System for the rest of his life. That accordingly, the petitioner did file an application for retirement under the provisions of the Civil Service Law for accidental retirement and that the application was accepted as of November 1, 1945 ”.
The answer to the foregoing 1 ‘ admits that portion * * * to the effect that on or about November 1, 1945, petitioner made application to the State Retirement System for accidental disability retirement pursuant to the provisions of the Civil Service Law and that such application was duly accepted by the Department of Audit and Control, of the State of New York as of November 1,1945, as of which date petitioner was duly retired; and upon information and belief denies the remaining portion ”.
The foregoing pleadings thus pose the issue, did the petitioner irrevocably retire as an employee of the Niagara Falls fire department and become a pensioner under the State Retirement System as of November 1, 1945?
If he did so retire as an employee, then he removed himself from the city’s payroll and thereby effected a waiver of any further rights under section 207-a of the General Municipal Law. He could not legally receive pay from both the city and the State Retirement System for the same disability at the same time (Matter of Robinson v. Cole, 193 Misc. 717). The decision in the Robinson case was rendered by Mr. Justice Van Duzer in Special Term, Steuben County, on December 6,1948, or about three years after Mr. Robida’s alleged retirement. It appears that Mr. Robinson was also a member of a fire department (Corning, N. Y.) to which the provisions of section 207-a of the General Municipal Law applied if such member were disabled while performing his duties. Mr. Robinson made such claim, alleging that on July 27, 1943, he was injured in the performance of his duties and thereby incapacitated permanently from performing them. The allegation was denied by *971 the city and was an issue in the proceeding. It appears that he had made application for compensation under the provisions of the Workmen’s Compensation Law, and his claim was denied. He applied for, and was retired on March 15,1945, in accordance with the provisions of the Civil Service Law, and thereafter received payments as therein provided, from the State Retirement System.
On or about March 11, 1948, Mr. Robinson filed a notice of claim with the City of Corning, alleging (supra, p. 718) that under the provisions of section 207-a of the General Municipal Law, he was entitled to receive the full amount of his regular salary as a city fireman during the entire term of his disability, “ and to receive such in addition to the benefits and payments received by him from the State retirement system.” (Italics mine.)
The court denied the claim, stating (supra, p. 719): “ Unquestionably had petitioner’s status not changed between the time of his injury and the institution of the present proceeding, he would be entitled to receive the full amount of his regular salary or wages ”,
Then the court points out (supra, p. 719) that Mr. Robinson’s status had changed in that “he is not a present employee of the city, and has not been such since March 15, 1945, and that, therefore, he is not entitled to the benefits provided by section 207-a of the General Municipal Law.”
The reason for that conclusion, according to the opinion of Justice Van Duseb, was that (supra, pp. 719-720) “ On March 15, 1945, the petitioner unquestionably ‘ retired ’ from the fire department. * * * He is no longer a ‘ fireman ’ * * * petitioner’s name was removed from the city payroll, as the city was directed to do by the authorities having in charge the administration of the retirement system.”
The court’s opinion continues (supra, p. 720), “ They recognized that petitioner, having become entitled to a pension, automatically, and ipso facto ’, retired from city employment. Section 65, now section 79, of the Civil Service Law made such retirement action mandatory.”
In the words of the court (p. 720): “ Manifestly, the purpose and aim of section 207-a * * * does not contemplate payment when he ceases to be an employee of the city and a member of the department. Such must be the intent of the statute. To hold to the contrary would be to approve double payment, and double payment is frowned upon. The policy of the State is against such.”
*972 In March of 1945 when Mr. Robinson filed his application for disability retirement as a fireman in Corning, New York, the record reveals that the City of Niagara Falls was concerned with a somewhat similar problem in connection with the claim of one of its firemen, a Mr. William Birmingham. (Matter of Birmingham v. Mirrington, 204 Misc. 821, mod. 284 App. Div. 721.)
He claimed that in 1942 he had suffered accidental injuries “ which rendered him permanently and totally disabled for regular duty as a member of the fire department.” (284 App. Div. 721, 723, supra.) At page 724 of the court’s opinion it states that Mr. Birmingham “on or about March 8, 1945, the comptroller of the City of Niagara Falls requested the petitioner * * * to file an application for accidental disability retirement under the provisions of section 65 of the Civil Service Law. Petitioner declined to do so.”
Despite his refusal to apply voluntarily for retirement, the city attempted to effectuate such result without his knowledge or consent by an application to the State Retirement System signed on his behalf by the city comptroller, under date of January 24, 1945.
In disposing of the city’s contention that Mr. Birmingham was not entitled to the benefits of section 207-a of the General Municipal Law because he had retired as an employee and became a pensioner under the State Retirement System, Mr. Justice Van Dttseb, who had written the decision in the Robinson case (193 Misc. 717, supra) and in the meantime had been assigned to the Appellate Division, writing for a unanimous court, stated (p. 728): “In the instant case, petitioner [Birmingham] never ceased to claim the benefits provided for him under the provisions of § 207-a of the General Municipal Law; he did not voluntarily retire. In fact, he never did retire, and under the circumstances in this record, he has not retired, nor has he effectively been retired.”
The decisions in the Robinson (193 Misc. 717, supra) and the Birmingham (284 App. Div. 721, supra) cases were based on different facts.
It appears that in the Robinson case, the fireman’s claim for disability benefits, under section 207-a of the General Municipal Law had been denied by the city; had also been rejected by the compensation board. Then he filed successfully for retirement benefits under the Civil Service Law. He “was receiving payments under his accidental disability retirement pension, such payments being made to him by the State Retire *973 ment System, not by the City.” (Matter of Robinson v. Colt, 193 Misc. 717, 719, supra.)
As the court further points out in Mr. Robinson’s case at pages 719-720, “He was not compelled to retire, so far as appears from anything submitted herein, but he elected to do so. He could have remained a city fireman, receiving the full amount of his salary or wages, as hereinbefore stated, but he elected not to do so. After failing in his efforts to secure compensation, he chose to retire. He thereby effectively severed his connection with the department * * * His status changed * * * He is no longer a ‘ fireman ’. * * * He is no longer a city employee. * * * petitioner, having become entitled to a pension, automatically, and ‘ ipso facto ’, retired from city employment.”
The court, stating that it was “ solely concerned with the proposition as to whether section 207-a of the General Municipal Law applies to the facts and conditions disclosed in this particular proceeding” (Robinson case, supra, p. 720) concluded, “ the purpose and aim of section 207-a is to provide for the protection and benefit of an employee, while he remains an employee * * * It does not contemplate payment when he ceases to be an employee * * * • To hold to the contrary would be to approve double payment, and double payment is frowned upon.”
Obviously the facts in the case of Mr. Robida are unlike those considered by the court in the Robinson case.
In the Birmingham case (supra), his claim for disability benefits under section 207-a of the General Municipal Law had been granted by the City of Niagara Falls; also an award had been made therefor by the compensation board. The city retained the payments issued to Mr. Birmingham under the compensation award and gave bim the city’s warrant on each semi-monthly payday for his full pay. The city was entitled to retain such reimbursement of said compensation, under its appropriate application and claim therefor under section 25 of the Workmen’s Compensation Law.
It further appears in the Birmingham case, that he protested every action which he was asked to take which in anyway might be claimed to indicate his acceptance or approval of the status of a pensioner under the State Retirement System; or which in anyway might be construed to be a waiver of his right to the benefits provided to a disabled employee under section 207-a of the General Municipal Law.
*974 In view of those facts, the court held that Mr. Birmingham “ In fact, he never did retire * * * he has not retired, nor has he effectively been retired ” (284 App. Div. 721, 728, supra).
The facts in the Robida case under discussion are more like those in the Birmingham, case than the case of Mr. Robinson. While Mr. Birmingham declined, objected and protested against complying with the request of the city to apply for the benefits given retired employees in the State Retirement System, Mr. Robida co-operated in making such application, but only on condition, as I find the evidence clearly shows, that the city promised and agreed to pay him the difference between his salary of $2,400, then being received from the city under the provisions of section 207-a of the General Municipal Law and what he would receive as a retired pensioner under the State Retirement System.
While there is much evidence which could be recited, to sustain the plaintiff’s contention relative to the reason he signed the application for his retirement when requested by the city comptroller to do so, the most convincing is that of the action of the city council in adopting the resolution at its meeting on December 3, 1945, which acknowledged receipt of and approved the communication from the corporation counsel advising, among other things, that “Norman 0. Robida is a city fireman disabled in the performance of his duty and unable to work * * * is entitled under the provisions of § 207-a of the General Municipal Law to full pay during the time of his disability on the basis of the pay he was receiving on the day he was last able to work * * * July 20, 1942 * * * $2,400. from the City of Niagara Falls ”.
The communication further advised the council that Mr. Robida’s case “ has been approved by the Compensation Court and his application for retirement is now pending before the State Retirement System. His name was removed from the payroll on November 1st, 1945 and he requests that some provision be made by the City to make payment to him, pending the fixing of the final amount of the State contribution by the State Retirement System.”
The communication then continues, “the City Comptroller has submitted to me a report * * * which recommends that we provide for temporary payment to this foreman at the rate of $50.00 bi-monthly until the exact amount which the City will pay him becomes definite.”
Based upon the foregoing recommendation, the council directed the city treasurer “ to draw a check in favor of Norman *975 0. Eobida in the amount of $100.00 for the month of November, 1945 and directing thereafter that payments of $50.00 ‘semimonthly be made until a final report can be submitted.” The foregoing resolution was adopted unanimously.
Payments were made to Mr. Eobida thereunder until approximately February 1, 1953.
In view of the evidence, there can be no question, and I so find and decide, that Mr. Eobida’s alleged retirement was not an unqualified act intending to constitute a waiver and abandonment of his rights under section 207-a of the General Municipal Law, but a qualified act, contingent upon the agreement of the city to make up to him the difference in his regular pay and the amount to be received by him from the State Eetirement System.
It is obvious that both the city and Mr. Eobida thought they had a legal right to make and keep such agreement. It also is equally obvious that the agreement was the result of a mistake of law.
Of course, it should be remembered that the agreement was made in August, 1945, when Mr. Eobida signed the application for retirement. At that time the decision of the court that a “ retired employee ” of the type of Mr. Eobida could not also receive the benefits of regular pay as an employee of the city under the provisions of section 207-a of the General Municipal Law, had not been rendered.
That decision was not announced until December 6, 1948. (Matter of Robinson v. Cole, 193 Misc. 717, supra.) Despite the foregoing decision, the status of a disabled fireman remained in a state of some confusion because the facts pertaining to each case differed.
No doubt it was thought advisable to make an attempt to clarify the law pertaining to the subject. In any event, the issues raised by the application of Mr. Birmingham, resulted in a decision of the Official Beferee, Mr. Justice Harris (formerly assigned to the Appellate Division) that “ By the enactment of that section [207-a] of the General Municipal Law the petitioner and those in like situations became entitled to its protection in the event of accidental disability or injury, temporary or permanent. * * * that after the occurrence of such injury, the employee * * * is to be paid the amount of his salary until he has recovered from the effect of the injury * * * unless * * * the recipient waive, or consent to the abrogation of, the effect of the statute in his case ” (204 Misc. 821, 828, supra).
*976 The opinion from which the above quotation was taken was affirmed, unanimously by the Appellate Division (October 27, 1954) in the Birmingham case (284 App. Div. 721, supra).
The court at page 728 of its opinion (284 App. Div. 721, supra) states “ petitioner never ceased to claim the benefits * * * of section 207-a of the General Municipal Law; he did not voluntarily retire. * * * and under the circumstances in this record, he has not retired, nor has he effectively been retired.”
The decision in the Birmingham case rendered by the Appellate Division on October 27, 1954, announced the law that unless an alleged “ retirement ” was made by the fireman under circumstances consistent with an intent on his part to waive any further benefits under section 207-a of the General Municipal Law, it was no retirement. Such “ retirement ” did not effect his severance from the payroll of the city to the extent that it was irrevocable.
It is clear from the evidence, and I find and decide that Mr. Bobida did not sever himself from the payroll of the city with an intent to waive and forego any further benefit under the statute in question. On the contrary, I find and decide, that he severed himself from the payroll of the city and filed the application for retirement upon the understanding and agreement that his right to benefits under section 207-a of the General Municipal Law would still be available to him to the extent necessary to make up the difference in his regular pay, annually, of $2,400.
The parties, as stated above, were mistaken as to the law on the subject. They proceeded on the basis that such agreement could be made and carried out legally. It could not be, as the decisions since rendered and cited above hold.
Under such circumstances, Mr. Bobida has a right to assert such “ mistake of law ” as a basis for an order directing that he be restored to the payroll of the city and that he be given an opportunity to resign from the State Betirement System, or take such appropriate action as will vacate and annul his alleged application for retirement which resulted in his removal from the fire department’s rolls on October 31, 1945.
Mr. Bobida’s proceeding was commenced promptly after the city, on February 1, 1953, refused to continue its payments, pursuant to its agreement with him. In effect and substance, the petition requests that he be relieved of the action taken as a mistake of law to which I have referred.
Under the provisions of section 112-f of the Civil Practice Act, he may have such relief upon a proper showing of facts, *977 which as stated herein, I find and decide, he has established.
This section of the Civil Practice Act was added to our laws by chapter 558 of the Laws of 1942. It became effective April 29, 1942. Formerly, as pointed out by the Law Revision Commission in its 1942 Report at page 5, ‘ ‘ no action could be maintained where the mistake' was one of law, regardless of the equities of the particular case, because every man is presumed to know the law. * * * There has also been a tendency to relax the rule when an individual sues a governmental corporation.”
In view of the foregoing, it is my decision that the petitioner is entitled to an order restoring him to the payroll of the fire department of the City of Niagara Falls as of November 1, 1945, as an accidentally disabled fireman, entitled to the benefits (less any such benefits already received), and subject to the provisions, of section 207-a of the General Municipal Law.
However, since it appears (a) that Mr. Robida’s application for accidental disability retirement became effective November 1, 1945, in accordance with his election “ to receive his retirement allowance under the provisions of Option No. 2, with his wife, Pearl Elizabeth Robida, as his beneficiary ”; (b) that the State Retirement System is not a party to this proceeding; and (c) that Mr. Robida cannot legally receive benefits under section 207-a of the General Municipal Law while “ retired ”, the foregoing decision to restore Mr. Robida as such accidentally disabled employee, shall not become effective, unless and until, said alleged retirement which resulted from Mr. Robida’s application, dated August 10, 1945, and supplemental papers, is terminated, vacated or annulled.
Settle order on five days’ notice.