FRED W. COOK, Respondent, *v.* CITY OF BINGHAMTON, Appellant.

Third Department, November 18, 1965.

*John V. Romagnoli, Corporation Counsel* (*Peter A. Daniels* of counsel), for appellant.

*Night, Keller & Relihan* (*William E. Night* of counsel), for respondent.

GIBSON, P. J. Appeal is taken from an order of the Supreme Court granting summary judgment to plaintiff, and from the judgment embodied therein, in an action for judgment declaring, *inter alia*, that by reason of plaintiff's disability incurred in the performance of his duties, defendant city is obligated to continue to pay to him his salary as a Captain in the Bureau of Fire and his medical and hospital expenses.

It is undisputed that on June 6, 1961 plaintiff incurred a disability within the purview of section 207-a of the General Municipal Law, providing, so far as here pertinent, that: "Any paid fireman of a fire company or fire department of a city of less than one million population * * * who is injured in the performance of his duties * * * so as to necessitate medical or other lawful remedial treatment, shall be paid by the municipality * * * by which he is employed the full amount of his regular salary or wages until his disability arising therefrom has ceased, and, in addition, such municipality * * * shall be liable for all medical treatment and hospital care furnished during such disability." Pursuant to these provisions plaintiff was paid his salary and his medical and hospital bills until December 31, 1964, on which date there became effective Local Law No. 2 of defendant city providing, in substance, that a member of the Fire Bureau shall continue in service after attaining age 62 only until such time as he shall be eligible for pension service retirement under the Firemen's Relief and Pension Fund, established for defendant city by chapter 403 of the Laws of 1912. Plaintiff is a member of that system. Chapter 403 fixes no mandatory retirement age, however, and contains no presently effective provision for retirement on account of

service-connected disability* nor does it provide for payment of medical expenses incurred in the treatment of such a disability.

In *Matter of Birmingham* v. *Mirrington* (284 App. Div. 721), as here, the disabled fireman refused to apply for retirement and thereupon an application for his retirement was made, without his consent, by a city official; but the court held it ineffective and said (p. 728) that: "He is entitled, under the provisions of section 207-a of the General Municipal Law, to his compensation as long as he has not recovered from his injury, even if such remains through the rest of his life." (See, also, *Matter of Tyler* v. *Gadwood*, 195 Misc. 674, revd. on other grounds 279 App. Div. 1138; *Matter of Robida* v. *Mirrington*, 1 Misc 2d 968; and 18 Op. St. Comp., 1962, p. 211.) Appellant mistakenly relies on *Matter of Robinson* v. *Cole* (193 Misc. 717) in which, as was pointed out in *Birmingham* (*supra*, p. 727), the disabled fireman "*retired* from the fire department, *at his own request*" (emphasis as in original) and otherwise would have been "entitled to receive the full amount of his regular salary or wages".

Appellant claims, nevertheless, under its home rule powers (Municipal Home Rule Law, § 10), the right to extinguish respondent's rights, thus firmly established by statute and decisional law, by the enactment of Local Law No. 2 amending the provisions of the local pension system created by the special act (L. 1912, ch. 403) so as to prescribe a mandatory retirement age for firemen members where none was previously provided. It is clear, however, that to the extent that the local law is sought to be applied to accomplish respondent's involuntary retirement and the deprivation of his accrued rights, it is inconsistent with section 207-a and invalid. This conclusion renders unnecessary our consideration of the question whether the local law so modifies the local pension system as to be violative of the constitutional and statutory provisions that safeguard it. (See N. Y. Const., art. V, § 7; Retirement and Social Security Law, § 113, subd. b.)

The order and judgment should be affirmed, with costs to respondent.

HERLIHY, REYNOLDS, TAYLOR and HAMM, JJ., concur.

Order and judgment affirmed, with costs to respondent.

---

* Although section 4 of chapter 403 purportedly provides for retirement for disability, the city does not rely upon that provision, which, indeed, must be deemed overridden by the subsequent enactment (L. 1938, ch. 562; L. 1941, ch. 15) of section 207-a of the General Municipal Law. (See McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 396, pp. 428-429; § 398, pp. 433-434, and cases there cited.)