JAMES F. PEASE, Appellant, v ANTHONY J. COLUCCI et al., Individually and Constituting the Municipal Civil Service Commission of the City of Buffalo, Respondents.

Fourth Department, November 4, 1977

*Thomas V. Considine* for appellant.

*Leslie G. Foschio (Peter J. S. Gerard* of counsel), for respondents.

DILLON, J. On February 12, 1976, petitioner, then a permanent lieutenant in the Buffalo Fire Department, was injured while fighting a fire. It is not disputed that he remains disabled.

Section 207-a of the General Municipal Law provides in relevant part: "Any paid fireman of a * * * fire department of a city of less than one million population * * * who is injured in the performance of his duties * * * shall be paid by the municipality * * * by which he is employed, the full amount of his regular salary or wages until his disability arising therefrom has ceased".

Pursuant thereto, the petitioner was paid his full lieutenant's salary until July 1, 1976 when the City of Buffalo, for economy reasons, abolished several lieutenants' positions.

Subdivision 1-a of section 80 of the Civil Service Law provides, *inter alia,* that where Buffalo Fire Department positions in the competitive class are abolished because of economy, "demotion * * * among incumbents holding the same or similar positions shall be made in the inverse order of original appointment on a permanent basis in the grade or title * * * in which such abolition or reduction of positions occurs". In reliance thereon and because of petitioner's standing in the seniority structure among permanent lieutenants within the department, petitioner was demoted to the rank of firefighter. Since July 1, 1976 his salary while under disability has been reduced accordingly.

The issue presented on this appeal is whether subdivision 1-a of section 80 of the Civil Service Law should be applied to reduce "the full amount of [the] regular salary" to be paid to a

fireman who remains qualified for benefits under section 207-a of the General Municipal Law. We hold that it should not.

Section 207-a of the General Municipal Law is a remedial statute enacted for the benefit of firemen and should be liberally construed in their favor (Matter of Tyler v Gadwood, 195 Misc 674, revd on other grounds 279 App Div 1138; Matter of Robinson v Cole, 193 Misc 717; Matter of Biegel v Village of North Hills, 185 Misc 131; see, also, Matter of Hommel v Town of Saugerties, 253 App Div 84, affd 278 NY 588). It was adopted by the Legislature "in furtherance of its public policy to protect firemen injured and disabled while in the performance of their duties" (Matter of Birmingham v Mirrington, 284 App Div 721, 726). Once qualified for the benefits it provides, a fireman is entitled "to his compensation as long as he has not recovered from his injury, even if such remains through the rest of his life" (id., p 728). Moreover, such compensation must include any subsequent raises in salary given to those in the same grade or title held by the injured fireman at the time of his injury (Matter of Barber v Lupton, 282 App Div 1008, affd 307 NY 770; Matter of Birmingham v Mirrington, supra). The statute guarantees that any fireman who suffers an employment-connected disability will receive a full annual wage not to be interrupted in any respect (Phaneuf v City of Plattsburgh, 84 Misc 2d 70, affd 50 AD2d 614).

Respondents urge that to continue paying petitioner his lieutenant's salary while others of the same rank and comparable seniority are demoted and reduced in salary, would be unjust in that it would constitute unequal treatment of employees similarly situated. Their argument is without merit. The plain fact is that section 207-a of the General Municipal Law is intended to treat a fireman who is injured in the performance of his duties as a member of a special class. He receives full salary without being required to perform any work for so long as his disability continues. He receives special treatment from the moment of his injury and disability.

Subdivision 1-a of section 80 of the Civil Service Law, which respondents argue mandates petitioner's demotion and reduction of salary, was intended to "implement an agreement between the City of Buffalo and its police and fire fighters to permit layoffs on the basis of service in grade or title" rather than on the basis of total seniority with the employer as

previously required by subdivision 1 of section 80 (formerly section 31) of the Civil Service Law (Memorandum of Assemblyman Greco, NY Legis Ann, 1976, pp 55-56).

Respondents fail to offer any evidence that the Legislature intended to abrogate or diminish the effect of the provisions of section 207-a of the General Municipal Law when it adopted, and from time to time amended, those sections of the Civil Service Law relating to the abolition of positions and the suspension and demotion of employees (Civil Service Law, § 80 *et seq.*). Nor does it appear in the legislative history of these statutes that the Legislature contemplated the reduction or elimination of such disability benefits.

Significantly, if we construe subdivision 1-a of section 80 of the Civil Service Law as modifying section 207-a of the General Municipal Law, it is conceivable that a disabled firefighter who is removed from his employment for economy or other apparently lawful reasons, and who is not recertified and reinstated within four years thereafter (see Civil Service Law, § 81), would forever be denied the salary and other benefits afforded under section 207-a. We specifically rejected such a result in an analogous case *(Matter of Tyler v Gadwood,* 279 App Div 1138, *supra).*

In *Tyler* a temporary fireman, appointed pursuant to section 34-b of the New York War Emergency Act (L 1943, ch 47) as a substitute for a regular fireman who had been inducted into the military service, claimed to have been injured in the performance of his duties. He was granted benefits pursuant to section 207-a and continued to receive his full salary under disability for more than six months. In June, 1948 his services were terminated and his salary was discontinued. In reversing Special Term's order and remitting the matter for further proceedings regarding unresolved questions of fact, we implicitly acknowledged that the petitioner, if otherwise qualified, would not be denied benefits under section 207-a of the General Municipal Law solely because his appointment was terminated.

The same rationale applies here. Petitioner's rights vested at the moment of his disability and he may not be divested of those rights by other than his own act (see, e.g., *Matter of Robinson v Cole,* 193 Misc 717, *supra).*

The judgment of Special Term should be reversed and judgment should be entered restoring petitioner's salary under

disability to that of lieutenant in the Buffalo Fire Department, effective July 1, 1976.

MARSH, P. J., HANCOCK, DENMAN and WITMER, JJ., concur.

Judgment unanimously reversed on the law, with costs, and petition granted in accordance with opinion by DILLON, J.