OPINION OF THE COURT
Frank R. Bayger, J.
The plaintiffs in this proceeding are partially disabled Buffalo firemen who seek a preliminary injunction enjoining the defendant authorities’ implementation and enforcement of a *416 March 8, 1978, directive ordering the plaintiffs to return to "light duty” with the city’s fire department, or suffer a termination of their benefits heretofore paid by the city under section 207-a of the General Municipal Law. Although there has been no answer served on behalf of the defendants, there is apparently no dispute that the plaintiffs’ respective disabilities were incurred in the course of their employment as Buffalo firemen; and that they are still physically incapable of performing active firefighting duties. They apparently are not totally disabled, however, and are physically capable of performing less strenuous firemanic work.
Under section 207-a prior to its amendment by chapter 965 of the Laws of 1977, the plaintiffs were unquestionably entitled to receive disability benefits in the amount of their full annual salary for so long as their disabilities continued (Pease v Colucci, 59 AD2d 233; Cook v City of Binghamton, 24 AD2d 122). The statute made no distinction between total and partial disability. Until such time as an injured fireman was able to perform his "regular” duties, his entitlement to a full annual salary was guaranteed by the statute without regard to his partial recovery or his ability to resume less strenuous fire department duties (see Matter of Weber v Department of Fire, 54 AD2d 164, 168 n 2). Once an injured fireman’s right to section 207-a benefits was established, that entitlement continued for so long as he had not recovered from the original injury, even if the disability continued for the rest of his life (Matter of Birmingham v Mirrington, 284 App Div 721, 728). A fireman’s rights in that regard are said to be vested as of "the moment of his disability and he may not be divested of those rights by other than his own act” (Pease v Colucci, supra, at p 236).
The issue presented herein is whether chapter 965 of the Laws of 1977 may be given retroactive effect so as to alter or diminish the section 207-a rights of these plaintiffs. Subdivision 3 of the section which became effective January 1, 1978, and upon which the defendants now rely, provides in effect that a fireman who is unable to perform his regular duties, but is ineligible for accidental disability retirement (i.e., not totally disabled) and, in the opinion of the department’s physicians, is physically capable of performing specified types of light duty consistent with his status as a fireman, must perform such work if it is offered, or suffer the loss of his *417 salary and benefits otherwise payable under subdivision 1 of the amended statute.
As a general rule, amendatory statutes are presumed to operate prospectively and not retroactively unless the language of the statute clearly indicates a legislative intent to the contrary (McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 51-53). A reading of the entire amendment in question discloses no such unequivocal expression of legislative intent in this case. Indeed, subdivision 6 of the amended section which speaks of a disabled fireman’s commencement of outside employment while he is receiving 207-a benefits, was clearly intended to operate prospectively (cf. Cook v City of Binghamton, Supreme Ct., Special Term, Broome County, Dec. 13, 1977).
I find that the plaintiffs’ rights to receive full salary benefits until such time as they are physically able to return to their regular firefighting duties, vested as of the dates of their respective injuries and that their rights in that regard were unaffected by chapter 965 of the Laws of 1977. The defendants shall be enjoined from enforcement of their directive of March 8, 1978 pending a trial and determination of any issues hereafter raised by the defendants’ answer herein.