OPINION OF THE COURT
Edward M. O’Gorman, J.
Petitioner seeks a judgment directing the respondent to pay him the difference between his accidental disability retirement allowance and his regular salary.
Prior to January 1,1978, a paid fireman who was injured in the line of duty was entitled to the full amount of his regular salary or wages until his disability ceased (General Municipal Law, § 207-a). The legislative direction to continue the regular salary was interpreted to include any subsequent raises given to those in the same grade or title held by the fireman at the time of his injury (see Matter of Barber v Lupton, 282 App Div 1008, affd 307 NY 770). Said payments were to continue as long as the fireman has not recovered from his injury (see Pease v Colucci, 59 AD 2d 233), but could be terminated if the fireman voluntarily *148 resigned or retired (see Matter of Weber v Department of Fire of City of Syracuse, 54 AD2d 164).
In 1977, the Legislature amended section 207-a by adding provisions permitting the termination of full payments of regular salary or wages when an injured fireman reaches the mandatory retirement age, and providing for the discontinuance of such payments (subd 2): “with respect to any fireman who is permanently disabled * * * 0 if such fireman is granted an accidental .disability retirement allowance * * * provided, however, that in any such case such fireman shall continue to receive from the municipality or fire district by which he is employed * * * the difference between the amounts received under such allowance * * * and the amount of his regular salary or wages.”
The respondents contend that because the petitioner was granted an accidental disability retirement allowance in 1979, the difference between petitioner’s allowance and his regular salary should be calculated on the basis of the salary he was receiving at the time the disability allowance was granted. The petitioner contends that to said amount there should be added from time to time the amount of any increases in salary paid to a fireman in the same grade as the disabled fireman.
The determination of this issue requires an interpretation of the phrase “regular salary or wages.”
Respondent contends that the failure of the Legislature to adopt a proposed amendment which would have added the phrase “including increases thereof and fringe benefits, to which he would have been entitled if he were able to perform his regular duties” demonstrates a legislative intent to restrict said payments to wages in effect at the time of retirement (Assembly Bill No. 10709, March 25, 1980).
While the history of a legislative enactment may be used in aid of its interpretation, the court must also consider other principles of construction as well. An original statute and an amendment thereto should be construed together and viewed as one law passed at the same time (McKinney’s Cons Laws of NY, Book 1, Statutes, § 192). In the absence of language in the statute indicating a con *149 trary intention, the use of the same word or phrase in different parts of a statute should be presumed to be used in the same sense throughout (McKinney’s Cons Laws of NY, Book 1, Statutes, § 236). These principles of construction lead the court to the conclusion that the language “regular salary or wages” in the statute prior to the 1977 amendment has the same meaning in subdivision 2 added by the amendment and that this meaning has been interpreted in Matter of Barber v Lupton (282 App Div 1008, affd 307 NY 770, supra) to include increases in salary.
Finally, the court has considered the fact that section 207-a is a remedial statute enacted for the benefit of firemen as a group and should be liberally construed in their favor (see Pease v Colucci, 59 AD2d 233, 235, supra).
Accordingly, the relief sought by the petitioner will be granted.