In the Matter of STEVEN DRAHOS et al., Respondents, v VILLAGE OF JOHNSON CITY et al., Appellants.

Third Department, April 16, 1981

APPEARANCES OF COUNSEL

*Kenneth P. Helisek* for appellants.

*Ball & McDonough, P. C. (Kevin F. McDonough* of counsel), for respondents.

### OPINION OF THE COURT

WEISS, J.

Petitioners are members of the fire department of the Village of Johnson City who hold their positions by permanent appointment in the competitive class of civil service. At various dates, each sustained service-connected injuries and remain unable to perform regular or light duties. Each was paid full prevailing wages for active firemen through May 31, 1980 pursuant to section 207-a of the General Municipal Law. The village refused to pay them the 8% salary increase negotiated for active firemen effective June 1, 1980, whereupon the instant proceedings were commenced by petitioners. Special Term held that benefits under section 207-a of the General Municipal Law include salary increases paid to active firemen. The village has appealed from this determination.

The sole question presented is the interpretation of the words "full amount of his regular salary or wages" contained in section 207-a of the General Municipal Law.* Respondents urge the 1977 amendments to section 207-a were remedial and designed to alleviate excessive costs to municipalities and correct abuses, some of which included disabled firemen who were employed in the private sector while receiving full salary pursuant to the statute. On this appeal, respondents argue that "regular salary or wages" means the amount paid at the time disability commenced and does not include increases or increments paid active firemen subsequent to said time.

This question has been decided by the Fourth Department in *Pease v Colucci* (59 AD2d 233, 235), where a unanimous court said: "Section 207-a of the General Municipal Law is a remedial statute enacted for the benefit of firemen and should be liberally construed in their favor [citations omitted]. It was adopted by the Legislature 'in furtherance of its public policy to protect firemen injured and disabled while in the performance of their duties' *(Matter of Birmingham v Mirrington,* 284 App Div 721, 726). Once qualified for the benefits it provides, a fireman is entitled 'to his compensation as long as he has not recovered from his injury, even if such remains through the rest of his life' *(id.,* p 728). Moreover, *such compensation must include any subsequent raises in salary given to those in the same grade or title held by the injured fireman at the time of his injury (Matter of Barber v Lupton,* 282 App Div 1008, affd 307 NY 770; *Matter of Birmingham v Mirrington, supra)."* (Emphasis added.)

While it may be argued that *Pease v Colucci (supra)* antedated the effective date of the amendment (Jan. 1, 1978), we hold that case applicable in view of the fact that

---

* This section reads in pertinent part: "1. Any paid fireman which term as used in this section shall mean any paid officer or member of an organized fire company or fire department of a city of less than one million population, or town, village or fire district, who is injured in the performance of his duties * * * shall be paid by the municipality or fire district by which he is employed the *full amount of his regular salary or wages* until his disability arising therefrom has ceased" (as amd by L 1977, ch 965, eff Jan. 1, 1978; emphasis added). NOTE: The words "full amount of his regular salary or wages" was repeated verbatim from the prior statute.

neither the language in issue nor the legislative intent to benefit injured and disabled firemen was changed by the 1977 amendment (see, e.g., Governor's Memorandum, NY Legis Ann, 1977, p 336; sponsors' introductory memorandum; memorandum of New York State Insurance Department; memorandum of Division of Budget; Report by the Permanent Commission on Public Employee Pension and Retirement Systems [recommendation for reform of section 207-a of the General Municipal Law]). Similarly, provisions in the new statute have included benefits to probationary policemen even after termination of employment by the municipality (*Connors v Bowles*, 63 AD2d 956, mot for lv to app dsmd 45 NY2d 832) and to disabled firemen capable of returning to light duty (*Ring v Langdon*, 69 AD2d 998, app dsmd 48 NY2d 654). Opinions of the State Comptroller have similarly held that firemen receiving a salary pursuant to section 207-a are entitled to raises in salary paid to active firemen subsequent to the commencement of disability (see, e.g., Opns St Comp, Nos. 80-133, 79-80; 15 Opns St Comp, 1959, p 421; cf. 1976 Atty Gen [Inf Opns] 120).

The constitutionality of the statute in question has been affirmed in *Cook v City of Binghamton* (48 NY2d 323), which case also rejected a contract analysis of the rights and benefits under section 207-a of the General Municipal Law.

The remaining contentions of respondents concerning collective bargaining contracts are without merit.

The judgment should be affirmed, with costs.

KANE, J. P., MAIN, MIKOLL and YESAWICH, JJ., concur.

Judgment affirmed, with costs.